## Texas Co. *v.* Cox *et al.*

### (*Knoxville,* September Term, 1941.)

Opinion filed December 13, 1941.

CATES, SMITH & LONG and WILBER W. PIPER, all of Knoxville, for appellant.

ELY & ELY, of Knoxville, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The Texas Company, a domesticated foreign corporation, filed its bill herein against Roscoe Cox, a resident of Knox County, Tennessee, to have declared void for lack of legal service of process a judgment obtained by Cox in the Court of General Sessions of Knox County, and to enjoin a sale of complainant's property levied upon by execution issued under the alleged void judgment. The chancellor dismissed the bill. Upon complainant's appeal, the Court of Appeals affirmed the decree of the chancellor. Complainant has filed its petition for *certiorari* to this Court, which writ has heretofore been granted and argument heard.

Cox sued the Texas Company in the Court of General Sessions at Knoxville to recover damages for the alleged breach of a lease. F. D. Boesch was chief agent of the company at its Knoxville office. In his absence from the city, the summons issued in the cause was served by

the officer on John Daniels, a clerk in the company's office. Cox obtained a judgment, by default, for $300. The chancellor and the Court of Appeals held that this service of process was valid under Code 8669.

The following sections of the Code, which should be construed together, are pertinent:

8667. "If neither the president, cashier, treasurer, or secretary resides within the state, service on the chief agent of the corporation, residing at the time in the county where the action is brought, shall be sufficient."

8668. "If the action is commenced in the county in which the corporation keeps its chief office, the process may be served on any one of the foregoing officers, in the absence of those named before him."

8669. "When a corporation, business trust, or any person has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

The last-quoted section authorizes service on any agent or clerk in the county in which suit is brought with the single exception of the county in which the chief officer or principal resides. In that county process must be served on the parties designated in the two preceding sections. In making the additional provision contained in section 8669, the Legislature merely prescribed another way of effecting service of process on corporations.

The contention that a corporation cannot be

reached by service of process on a local agent, which is the argument made in behalf of complainant, unless it has a chief officer located in some other county of the State, finds no support in decisions of this Court.

Section 8669 certainly applies to foreign corporations maintaining an office in this State. *Chicago & Alton Railroad Co.* v. *Walker*, 77 Tenn. (9 Lea), 475; *Peters* v. *Neely*, 84 Tenn. (16 Lea), 275; *Telephone Company* v. *Turner*, 88 Tenn., 265, 12 S. W., 544, 545.

While the exact question made in the case before us did not arise in the foregoing cases, nevertheless the opinions in those cases clearly indicated the view of the Court that a foreign corporation maintaining an office in this State, with no representative here except the local agent at that office, was amenable to process served on such local agent.

In *Telephone Company* v. *Turner, supra,* the Court said: "The Code provisions covered every case where the foreign corporation had a local office and resident agent. It did not cover the case of a corporation having no resident agent, but doing business through and by means of traveling agents."

If the contention of the complainant herein were sustained, a foreign corporation, unless one of its chief officers was located in Tennessee, could not be reached by process in this State at all. This would be true no matter what the extent of the corporation's business in Tennessee nor how many offices or places of business it operated in this State.

We think the lower courts reached the correct conclusion and the judgment of the courts below is affirmed.

DeHaven, J., dissents.

CONCURRING OPINION.

MR. JUSTICE CHAMBLISS delivered the following concurring opinion.

Concurring in the majority opinion by Mr. Justice McKINNEY, I add the following:

The question seems to me to be simply this: Is application of the provision in Code Section 8669 for service on a "clerk" limited to cases in which the defendant corporation has its chief office in this State? I do not so understand. By the immediately preceding Section 8668, provision is made for service upon the corporation when the suit is brought in the county in which the corporation keeps its chief office. By Section 8669, immediately following, provision is made for those cases where the suit is brought in some other county than the one in which the corporation keeps its chief office, provided for in the preceding section.

The difficulty in construction suggested is eliminated if the language which gives rise to this difficulty is treated as parenthetical. Eliminating words not appropriate to the instant situation and inserting parentheses where they seem to me to be called for, the statute would read: "When a corporation . . . has an . . . agency . . . in any county (other than that in which the chief officer or principal resides), the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business," etc.

I find no purpose evinced to limit the service provided for under this section to corporations having a chief office within the confines of this State.

## Dissenting Opinion.

Mr. Justice DeHaven delivered the following dissenting opinion.

The Texas Company, a domesticated foreign corporation, filed its bill herein against Roscoe Cox, a resident of Knox County, Tennessee, to have declared void for lack of legal service of process a judgment obtained by Cox in the Court of General Sessions of Knox County, and to enjoin a sale of complainant's property levied upon by execution issued under the alleged void judgment. The chancellor dismissed the bill. Upon complainant's appeal, the Court of Appeals affirmed the decree of the chancellor. Complainant has filed its petition for *certiorari* to this court, which writ has heretofore been granted and the cause set down for argument.

Cox sued the Texas Company in the Court of General Sessions at Knoxville, to recover damages for the alleged breach of a lease. F. D. Boesch was the Chief Agent of the company at its Knoxville office. In his absence from the city, the summons issued in the case was served by the officer on John Daniels, a clerk in the company's office. Cox obtained a judgment, by default, for $300. The chancellor and the Court of Appeals held that this service of process was valid under Code 8669. The correctness of such holding is here challenged by complainant.

Code 8669 is as follows: "When a corporation, business trust, or any person has an office or gency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business; but this section shall apply only to cases where

the suit is brought in such counties in which such agency, resident director, or office is located."

Complainant, a Delaware corporation, with its home office in the City of New York, is domesticated to do business in Tennessee. All of the company's officers reside out of the State of Tennessee. The company does not have a chief office in Tennessee, but all of the agencies in Tennessee are under the supervision, and report to, the company's New Orleans District office.

In *Green* v. *Snyder*, 114 Tenn., 100, 84 S. W., 808, the first headnote is as follows: "Nonresident. Process may be served upon agent of, when. Whenever a corporation, company or individual has an office or agency or resident director in any county other than that in which the chief officer or principal resides, the service of process may be made upon any agent or clerk in all actions brought against such corporation, company or individual in that county."

Section 8666 of the Code provides that service of process shall be had on the president or other head of a corporation, or in his absence, or the cashier, treasurer, or secretary, or, in the absence of such officers, on any director of such corporation. The following section, 8667, provides that if none of those named in the previous section reside within the State, service on the chief agent of the corporation, residing at the time in the county where the action is brought, shall be sufficient.

It will be noted that section 8669, the one involved in the instant case, extends the law of service upon corporations so as to provide that where a corporation has office or agency or resident director in any county other than that in which the chief officer or principal resides, the service of process may be had on any agent or clerk

employed therein. This section presupposes that the defendant corporation has a chief officer in some county of this State.

In *Brooks* v. *Dun et al.*, (C. C. W. D. Tenn.), 51 F., 138, 142, HAMMOND, J., said with reference to what is now section 8669, ''The language of the sections, original and amended, so far as it may relate, in any view, to a 'company' or 'individual' not 'a corporation,' is seemingly confined to 'a company' or 'individual' residing in Tennessee; for the company or individual must have an 'office' or 'agency' in 'any county other than that in which the . . . principal resides.' Evidently, this implies that the 'principal,' be it company or individual, resides in some county of the state, and it does not refer to some principal residing in some county in another state or foreign country.''

The Texas Company had no chief officer in Tennessee. All of its agencies in Tennessee were subordinate of the principal office in New Orleans. The agencies in Tennessee were each independent of all the others. Boesch was the agent at Knoxville and no other of the company's agencies in Tennessee had any jurisdiction over him as such agent. Code 8669 was enacted, we think, to meet a situation where a corporation or business trust has a chief officer, say in Shelby County, or a principal residing in Shelby County, and maintaining a branch office, say in Knox County, so that process could be served upon an agent or clerk employed in such branch office. Of course, under Code 8667, valid service of process could have been had on the company's chief agent, Boesch. The service of process on Daniels, a clerk in the office, was not authorized under Code 8669 and was invalid, in my opinion.

The concurring opinion of CHAMBLISS, Judge, as I understand it, undertakes to treat as parenthetical the words, "in any county other than that in which the chief officer or principal resides" found in Code 8669. This, in my opinion, is to do violence to the statute. The words quoted above are qualifying words and create a condition precedent which must exist before service of process on a clerk or agent may lawfully be had under Code 8669. This, I think, is made plain when the provisions of the next preceding section (8668) are taken into consideration. That section reads as follows: *"Same; in county of chief office.*—If the action is commenced in the county in which the corporation keeps its chief office, the process may be served on any one of the foregoing officers, in the absence of those named before him."

Section 8669 provides on whom service of process may be had in a county *"other than"* the county in which the chief officer resides. This section, as hereinbefore pointed out, presupposes that the corporation has a chief officer in a county of the state.

When a corporation has no chief officer in Tennessee, as in the case here, then service of process may be had under the provisions of Code 8667, which reads as follows: *"Same; on chief agent.*—If neither the president, cashier, treasurer, or secretary resides within the state, service on the chief agent of the corporation, residing at the time in the county where the action is brought, shall be sufficient."

Thus, under section 8667, valid service of process might have been had in the instant case on defendant's chief agent, Boesch, in Knox County, where the suit was brought.

The concurring opinion by virtually deleting the words

"in any other county than that in which the chief officer or principal resides" from section 8669 (the section here involved) destroys the very basis under which process may be had under that section.

Sections 8666, 8667, 8668 and 8669, all providing for service of process on corporations, must be read and construed together. They cover different situations and the language in each must be given full force and effect.

In my opinion, the decree of the chancellor holding the process served on the clerk valid, should be reversed. I, therefore, dissent from the majority opinion.