## KETCH v. ATLANTIC COAST LINE R. CO.
### No. 452.

District Court, E. D. Tennessee, S. D.

Jan. 13, 1943.

Frazier & Roberts, of Chattanooga, Tenn., for plaintiff.

Spurlock & Spears, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The question is on motion to quash the service of process.

The plaintiff claims jurisdiction because of diversity of citizenship. He is a resident of Maine and the defendant is a corporation by virtue of the laws of the State of Georgia.

The relief sought is based upon the allegations of negligence occurring in the State of Georgia.

Process was served on T. Y. Morris, commercial agent of the defendant at Chattanooga, and process was also served on J. J. McLaughlin, designated agent of the defendant for service of process, who resided at the time in Erwin, Unicoi county, Tennessee.

The motion to quash the service, as amended, which is supported by several affidavits, appears to cover the following propositions:

(1) Because the defendant is a foreign corporation and not subject to service in this district.

(2) To try the case in Tennessee in this court would be a burden on interstate commerce.

(3) Because service on J. J. McLaughlin, as a statutory agent, would not be sufficient to authorize the trial of a cause, the subject matter of which occurred outside the State of Tennessee.

(4) That the said Morris is only a commercial agent and not such representative as contemplated by the statute upon whom service could be had.

The service of the process is governed by Rule 4(d) at (3, 7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The sufficiency of the service in this case is to be determined by the manner prescribed by the law of the State of Tennessee.

To consider first the service upon the commercial agent, Morris: The affidavits disclose that Mr. Morris maintained an office in Chattanooga, had secretarial aid, all of which were paid for by the defendant. That his duties were soliciting freight and passenger business for the defendant. That the defendant jointly with the Louis-

ville and Nashville Railroad Company operated a railway in Tennessee known as the Clinchfield.

The service of the process upon Morris, if good at all, is by authority of the Tennessee law codified at Section 8669 of the Tennessee Code.

This statute provides that when a corporation has an agency in any county other than in which the chief officer or principal resides, the service of process may be had upon any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business.

Under this statute, it is not necessary that the corporation have a "chief officer or principal" in the State and the statute also applies to foreign corporations as well as domestic. Texas Co. v Cox et al., 178 Tenn. 239, 156 S.W.2d 809.

It seems clear that Mr. Morris was maintaining an agency for the defendant. Service on him will be good conditioned that it does not violate the commerce clause or the due process clause of the Constitution.

A number of cases, and quite respectable authorities too, hold that service on such agent is good. This seems to be the minority holding, the majority holding that such service on such agent is not good unless it appears that the foreign corporation is doing otherwise a local business in the State. See Annotation, 46 A.L.R. 470 et seq. The defendant does a local business by jointly operating the Clinchfield Railroad in Tennessee. Under these conditions, there would not be an invasion of the commerce clause of the Constitution, art. 1, § 8, cl. 3, or of the due process clause of the 14th Amendment.

Neither does it affect the service because the cause of action arose out of this State. Alwood & Green v. Buffalo Hardwood Lumber Co., 152 Tenn. 544, 279 S.W. 795. See Annotations, 30 A.L.R. 258, 96 A.L.R. 368, 113 A.L.R. 134.

Nor does the cause of action have to grow out of the business of the agency wherein the agent or clerk is employed. Brewer v. De Camp Glass Casket Co., 139 Tenn. 97, 201 S.W. 145.

Cases cited like Atlantic Coast Line R. Co. v. Richardson, 121 Tenn. 448, 117 S.W. 496, are not applicable. In these cases·jurisdiction was sought by process served on a traveling agent and under a different statute than the one applying to this case.

In view of the foregoing, it is my judgment that the service upon the agent Morris is sufficient under the laws of Tennessee and that the defendant is in court.

The question of the service upon the statutory agents is quite involved and in view of the foregoing, it is unnecessary to determine this.

The motion to quash the service of process is overruled.

The defendant will be allowed thirty days in which to make its answer. .

Order Accordingly.