Railroad Co. *v.* Walker.

THE CHICAGO & ALTON RAILROAD CO. *v.* D. A. WALKER.

RAILROADS. *Foreign corporation.* *Suit against agent.* The C. & A R. R. Co. having no office nor any part of its line in this State, employed B as its agent in this State to induce travelers to take such routes as connected with their line. B had no authority to sell tickets for his principal, and his business, which consisted principally in securing emigrants as patrons for his company, required that he should travel from place to place, see passengers, aid them in purchasing tickets, and checking baggage on connecting lines, and correspond with persons likely to travel over his principal's line. His presence was frequently required at C., in this State, that place being a railroad centre of lines connecting with his principal's, but he had no office or place of business there. W. sued the Company for breach of a contract made with B, serving process on B, whose want of authority to receive the service of process was raised by plea in abatement. *Held* that the service was invalid and the plea good.

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

KEY &. RICHMOND for Railroad.

VANDYKE, COOKE & VANDYKE for Walker.

McFARLAND, J., delivered the opinion of the court.

This action was begun by Walker in the circuit court of Hamilton county. The sheriff returned the process "executed by serving the within on Charles F

Ludlum, principal agent of the defendant in Hamilton county." The defendant pleaded in abatement that it was a foreign corporation, created under the laws of Illinois; that its line of road is in the States of Illinois and Missouri, and its principal office in the city of Chicago in the former State; that Charles F. Ludlum was never appointed agent of defendant in Hamilton county, Tennessee, and had no authority to accept service of process for defendant, and defendant had no office or agency in Hamilton county, Tennessee, at the time plaintiff's cause of action accrued or since."

The plaintiff filed a replication, which was accepted by the court below as a sufficient traverse of this plea. Upon this issue the case was tried, resulting in a judgment for the plaintiff.

There is no very material conflict in the proof. The Chicago & Alton Railroad Company has no road or general office in this State; a part of its line extends from St. Louis to Kansas City and constitutes a link in one of the competing lines to California and the West. Ludlum was, in the language of the general passenger and ticket agent, "the Southern passenger agent of said company for all the territory south of the Ohio river and also the States of Virginia, Arkansas and Texas." For part of the time his "head quarters" were at Chattanooga, and afterwards at Nashville—the change taking place, according to witnesses, about February, 1880. He had, however, no fixed residence or place of business. His business was to solicit travel over his line of road, that is, to solicit travelers to take a route that would lead over

his road.   He sold no tickets, and was not authorized
to sell tickets.   His course of business was, when he
found a passenger willing to take his route, to con-
duct him to the ticket agent of the connecting road
at the point, who would sell him a ticket over the
various roads.   He would also assist the passenger in
checking his baggage, and give him information, etc.
He distributed advertisements or "folders," as they are
termed, representing the superior advantages of his line.
One of these exhibited in proof has the name of Lud-
lum thus:  "Charles F. Ludlum, southern passenger
agent, under the Read House, Chattanooga."   In point
of fact, however, he kept no office or place of busi-
ness.   He "hunted up" the passengers and emigrants
about the depots, car sheds, or wherever he could find
them.   By "head quarters," the witnesses say, is only
meant the place where he received his mail; and after
he had changed his "head quarters" from Chattanooga
to Nashville, he continued to carry on his business at
Chattanooga "about as before."

His business required him to travel over any por-
tion of the States or territory mentioned, where he
could find passengers or emigrants.   Chattanooga was
a good point, as several roads centered there, and he
was often at that point, but was confined to no par-
ticular place.

On the 24th of April, 1880, Ludlum induced the
plaintiff, who was going to California, to take his route,
and conducted him to the ticket office of the Nash-
ville, Chattanooga & St. Louis Railroad at Chatta-

nooga, where the agent of the company sold plaintiff a through ticket to San Francisco.

The ground of the action is, that Ludlum promised plaintiff that in passing over the road of the Chicago and Alton company from St. Louis to Kansas City in the night, he should have a car with reclining seats, equal to a sleeping car, and that this agreement was grossly violated by the conductor when the plaintiff reached that part of the route.

The question was, whether upon these facts service upon Ludlum was sufficient to give the court jurisdiction of the defendant. The action is transitory, and such actions, unless otherwise expressly provided, may be brought wherever the defendant is found. A corporation is in general supposed to be located at its principal office, but it may be that a corporation can be said to be situated, for the purpose of being sued, wherever it has an established place of business, even without special legislation upon the subject.

With respect to foreign corporations, it is sometimes provided as a condition of their being allowed to do business in this State, that they shall keep agents here, authorized to acknowledge service of process: Code, sec. 1500. But where this is not in terms provided, there is no doubt that foreign corporations may be held subject to the general provisions of our statutes with respect to service of process on corporations, and it is perfectly legitimate to construe these provisions as applicable to foreign as well as domestic corporations, where the language employed will allow this construction. Foreign corporations doing

business in this State, with a knowledge of these provisions, cannot complain that they are made to apply to them.

It only remains to examine the provisions of our statutes upon the subject. Code, sec. 2831, is in these words: "Service of process on the president or other head of a corporation, or in his absence on the cashier, treasurer or secretary, or in his absence, on any director of such corporation, will be sufficient." This section, it will be readily seen, does not meet the present case. The next is: "If neither president, cashier, treasurer or secretary resides within the State, service upon the chief agent of the corporation *residing* at the time in the county where the action is brought, shall be deemed sufficient:" Sec. 2832.

The next section relates to actions brought in the county where the principal office of the corporation is located, and is, therefore, not applicable.

Section 2834 is as follows: "When a corporation, company or individual has an office or agency in any county other than that in which the principal resides, the service of process may be on any agent or clerk employed therein, in all actions growing out of, or connected with the business of the office or agency."

This is substantially the same as sec. 2811. Secs. 2831, 2832, 2833 and 2834, are amended by the act of 1859–60. Section 2834 *a*, is in this language: "That hereafter, when a corporate company or individual has an *officer* (evidently meaning an *office*) or agency or resident director, in any county other than that in

which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein, in all actions brought against said company, growing out of the business of, or connected with said company or principal business."

These various sections comprise all our legislation upon the subject. They appear to have been intended more directly to indicate the county in which actions shall be brought against domestic corporations, but are comprehensive enough to apply to foreign corporations. The sections which appear to be more directly applicable, are: First, section 2832, which, as we have seen, applies to cases where neither the president, cashier, treasurer or secretary resides in the State, in which case service may be had upon the chief agent *residing* at the time in the county where the action is brought. We have seen, however, that the proof all agrees that Ludlum was not at any time *residing* in Hamilton county. He only stopped there temporarily, as his business required. He was a traveling agent, and was no more a resident of Hamilton county than of the various other points where he did business. It can hardly be said that he was at the same time a resident of all these various points, or that his residence changed as often as he moved from one point to another; and this would logically follow from holding that he was, in the sense of this statute, an agent *residing* in Hamilton county. We predicate nothing upon the proof that before the service of process he had changed his "head quarters" to Nashville, but for

Railroad Co. *v.* Walker.

the argument concede that he was as much a resident of Hamilton county after that as before.

The other sections to be considered, are sections 2811 and 2834, as amended by sec. 2834 $a$.  Sections 2811 and 2834, before the amendment, provided that where an office or agency was kept in any county other than the principal office, service of process might be had upon any agent or clerk employed therein, in all actions growing out of the business of the office or agency.  We held in *Toppins* v. *Railroad*, 5 Lea, 600, that by the amending section, 2834 $a$, the service in such cases was good, without regard to whether it related to the business of that office or agency or not.

The question then remains, whether "the office or agency in a county," in the meaning of these sections, were intended to apply to such an agency or office as the proof shows that Ludlum conducted in Hamilton county.  We think not.  If this were a suit against a domestic corporation in a county other than the one of its principal office, we think it could not be held that the office or agency in Hamilton county, as shown by the proof, was such as to authorize the suit to be brought in that county and service to be had upon such agent.  The office or agency in such cases would be held to mean, some office, agency or place of business *located* in the county.  And if we apply the section to a foreign corporation, we cannot give it a broader construction.

It will be observed that the sections we are considering, apply not only to corporations, but to com-

31—VOL. 9.

panies and individuals. It could not have been intended to authorize suits here against non-resident firms or individuals by service upon their traveling agents. It was only intended to allow such suits where such non-resident firms or individuals have an office or agency for the transaction of business *located* in some county in this State.

As we have seen, the defendant had no office or agency in Hamilton county, any more than upon same proof might be held to apply to any other point in the southern States, where Ludlum might happen to "drum for passengers." We think this is not the meaning of these provisions. The charge of the circuit judge is not very definite in its meaning, but it authorized the jury to construe the law differently, which they did.

The judgment is reversed.


DEADERICK, C. J. and TURNEY, J. dissenting.