IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

---

NASHVILLE, DECEMBER TERM, 1889.

---

TELEPHONE COMPANY *v.* TURNER.

(*Nashville.* December 5, 1889.)

1. CORPORATIONS, FOREIGN. *Service of process upon. Act 1887, Ch. 226, construed.*

Act 1887, Ch. 226, entitled "An Act to subject foreign corporations to suit in this State," does not apply to a non-resident corporation having a local office and resident agent in the State and already subject to suit, but only to such foreign corporations as engage in business in the State without such office and agent.

Act construed: Acts 1887, Ch. 226.

Telephone Company *v.* Turner.

2. STATUTES.  *Repeal by implication.*

The Act of 1887, Ch. 226, does not limit, but enlarges, the exercise of jurisdiction over foreign corporations by the State Courts, and does not, therefore, by implication, repeal or modify the pre-existing law on the subject.

Act construed: Acts 1887, Ch. 226.

Code cited: §§ 3536–3539 (M. & V.) ; §§ 2831–2834 (T. & S.).

Cases cited: Tappin *v.* Railroad, 5 Lea, 604; Railroad *v.* Walker, 9 Lea, 475 ; Peters *v.* Neely, 16 Lea, 280.

---

FROM SUMNER.

---

Appeal in error from Circuit Court of Sumner County.  A. H. MUNFORD, J.

VERTREES & VERTREES and W. C. DISMUKES for Telephone Company.

G. W. BODDIE for Turner.

LURTON, J.  Plaintiff in error is a foreign corporation, doing business in this and other States. Among other lines, it has one in the city of Gallatin, and a line extending from that place to Scottsville, Ky.  It was sued in the Circuit Court of Sumner County, upon a cause of action originating in that county, for injuries sustained by reason of alleged negligence in the care and main-

tenance of their line of wire in that county. The company has an office in Gallatin and a local resident agent. Process was served upon this local agent, the return showing that neither the President, Cashier, Treasurer, or Secretary resided in the county. There was judgment by default. Appellant thereupon filed a petition praying that the execution be superseded, upon the ground that service upon its agent was insufficient to give the Court jurisdiction; that the Act of 1887, Ch. 226, required that, in addition to such service, the Clerk of the Court was required to notify such foreign corporation of the pendency of suit by letter, and the plaintiff to cause a copy of the writ of summons to be served personally upon some one in their principal office in the State of their creation. The service made was sufficient if the appellant had been a domestic corporation. Code, § 2834; *Tappin* v. *Railroad,* 5 Lea, 604.

Sections 2831, 2832, 2833, and 2834 of the Code regulate the mode in which corporations may be sued. These sections apply equally to domestic and foreign corporations having an office or agency and a resident local agent in the county in which suit is brought. *Chicago and Alton Railroad* v. *Walker,* 9 Lea, 475; *Peters* v. *Neely,* 16 Lea, 280.

The word "officer" in § 2834 has been held to be a misprint, and to mean office. 5 Lea, 604.

It was, however, held that the provisions of the Code above cited did not apply to the case of a foreign corporation having no resident agent

or local office, but which was alone represented by a traveling agent not resident in this State. 9 Lea, 475.

To meet this defect the Act of 1887, Ch. 226, was passed. This Act provides that any non-resident corporation "*found doing business in this State*" shall be subject to suit here, "so far as relates to any transaction had, in whole or in part, within this State, or any cause of action arising here, but not otherwise." The second section defines what is meant by "being found doing business in this State" as embracing "any transaction with persons, or having any transaction concerning any property situated in this State, through any agency whatever, acting for it within the State." The third and fourth sections require service of process upon such agent "found within the county where the suit is brought;" and, that the notice shall be effectual, the additional requirement is added that the Clerk of the Court shall "immediately mail a copy of the process to the home office of the corporation by registered letter," and file with the papers in the cause a certificate of the fact of such mailing, and make minute thereof upon the docket. The plaintiff is himself required "to lodge at the home office of the company, with any person found there, a written notice from him or his attorney stating that such suit has been brought, accompanied by a copy of the process and the return of the officer thereon, of which fact affidavit shall be made by the person lodging the same,

etc." This Act does not in terms undertake to repeal the Code provisions in so far as they apply to service of process upon foreign corporations, and we are unable to see that there is any such conflict between the former provisions and this Act as to operate as a repeal by implication of the former.

The Code provisions covered every case where the foreign corporation had a local office and resident agent. It did not cover the case of a corporation having no resident agent but doing business through and by means of traveling agents. 9 Lea, 475. This Act enlarges the Code provisions, and is not a limitation. The Act does not apply to the appellant, or other foreign corporation having resident agents in the county where suit is brought. The petition was properly dismissed.

Judgment affirmed.