ALWOOD & GREENE *v.* BUFFALO HARDWOOD LUMBER CO.*

(*Nashville.* December Term, 1925.)

1. **CORPORATIONS.** Foreign corporation, although confining business in State to interstate business, held to do business within State so as to give state court jurisdiction.

Foreign corporation, although confining business done in State to interstate business, *held* to do business in State in such manner as to give State courts jurisdiction of suits against it. (*Post, pp.* 545-547.)

Case cited and distinguished: International Harvester Co. v. Kentucky, 234 U. S., 579.

Code cited and construed: Sec. 4540(S.).

2. **CORPORATIONS.** Only representative in county is ''chief agent'' of corporation on whom service is sufficient.

Where one representing foreign corporation in transaction out of which litigation grew was its only representative residing in county, he was necessarily the "chief agent" residing there on whom service of process might be made within Shannon's Code, section 4540. (*Post, p.* 547.)

3. **CORPORATIONS.** Statute providing for service on chief agent held equally applicable to foreign corporations.

Shannon's Code, section 4540, providing that, if no officer of corporation resides within State, service on chief agent residing in county where action brought is sufficient, applies equally to foreign corporations doing business within State as to domestic corporations. (*Post, pp.* 548-551.)

4. **CORPORATIONS.** Action maintainable against foreign corporation on contract arising without the State.

An action against a foreign corporation for alleged breach of con-

*Acquiring jurisdiction over foreign corporation by service of process, see note in 70 L. R. A., 532.

Alwood & Greene v. Hardwood Lbr. Co.

tract for sale of lumber made without the State is maintainable in the State courts, where defendant is doing an interstate business therein; Shannon's Code, sections 4543-4546, not limiting court's jurisdiction to cases where transaction arises wholly or in part in the State. (*Post, pp.* 548-551.)

Cases cited and approved: Holland v. Railroad, 84 Tenn., 414; Telephone Co. v. Turner, 88 Tenn., 266; Insurance Co. v. Spratley, 99 Tenn., 327; Patton v. Casualty Co., 119 Tenn., 364; Barrow Steamship Co. v. Kane, 170. U. S., 100.

. Cases cited and distinguished: Railroad v. Walker, 77 Tenn., 475; Peters v. Neely, 84 Tenn., 281.

---

*Headnote 1. Corporations, 14a C. J., Section 4080 (Anno); 2. Corporations, 14a C. J., Section 4133 (Anno); 3. Corporations, 14a C. J., Section 4133; 4. Corporations, 14a C. J., Sections 4099, 4100 (Anno).

FROM WILLIAMSON.

Error to the Chancery Court of Williamson County.— Hon. J. C. Hobbs, Chancellor.

Ed. T. Seay and J. C. Edwards, for plaintiff in error.

R. H. Crockett and T. P. Henderson, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

. The bill in this case was filed by complainants, who are partners, and residents of Georgia, to recover damages for alleged breach of a contract for the sale of lumber,

The defendant is incorporated under the laws of New York, with its principal office in Buffalo. The representative of the defendant in the making of the contract in Georgia resided in Fanklin, Williamson county, Tenn., at that time and at the time of the bringing of this suit, and service was had upon this representative, or agent, as the chief agent of this foreign corporation residing in Franklin, Williamson county, under section 4540 of Shannon's Code, which provides as follows:

"If neither the president, cashier, treasurer, or secretary resides within the State, service on the chief agent of the corporation, residing at the time in the county where the action is brought, shall be deemed sufficient."

Defending by plea to the jurisdiction, it was insisted that this section has no application, unless the defendant foreign corporation is at the time doing business within the State and also has at the time a chief agent residing in the county where the suit is instituted, and that the facts failed to show either the doing of business in the State or that the party served was such a resident agent. It is further insisted that, since the complainants are nonresidents, and the transaction arose in Georgia, the suit cannot be maintained in Tennessee agaist this New York corporation. The plea was sustained by the chancellor, but the court of appeals has reversed his decree, and found: (1) That the defendant was doing business in the State of Tennessee; and (2) that the person on whom service was had had been, and was at the time, the chief agent of the defendant residing in Franklin, Williamson county; and (3) that the chancery court of Williamson county was not without jurisdiction because of the nonresidence of the complainants, or the fact that

the transaction arose in another State. Upon a careful examination of the record we are satisfied with the conclusions reached by the court of appeals both on the facts and the applicable law, and reference is made to that opinion for a fuller discussion than this opinion contains. Even if it be conceded, as we understand it to be insisted for defendant, that, since its attempted withdrawal from the State as a complying foreign corporation in 1918, it has confined the business done in Tennessee to interstate business, it does not follow that it has not been doing business in the State in such a manner and sense as to afford ground for jurisdiction of the courts of this State; this question having been dealt with and definitely settled in the case of *International Harvester Co.* v. *Kentucky*, 234 U. S., 579, 34 S. Ct., 944, 58 L. Ed., 1479. In that case Mr. Justice DAY said:

"We are satisfied that the presence of a corporation within a State necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the State, although the business transacted may be entirely interstate in its character."

We think it quite apparent that this defendant was doing a large proportion of an extensive business conducted in the Southern States in the State of Tennessee, and, as above indicated, it is immaterial whether the business was of an interstate character or not.

In the next place, we concur with the court of appeals that the record sustains the insistence that K. K. Dysart, who resided in Franklin, Williamson county, Tenn., and had so resided for a number of years, and who rep·resented the defendant in the transaction out of which

this litigation grows, was not only an "inspector" for the defendant with narrowly limited duties, as contended by the defendants, but was an agent to the extent and in the sense contemplated by our statutes. Being the only representative of the defendant residing in Williamson county, he was necessarily the chief agent residing there. We think this appears from the testimony of Mr. Dysart himself, a witness for the defendant, and it is supported by testimony as to his dealings and negotiations on behalf of and in the interest of the defendant in various matters referred to in the opinion of the court of appeals, and unnecessary to be set out in detail here.

It is vigorously insisted for the defendant that the non-residence of the complainant and the conceded fact that the transaction arose in another state deprives the courts of this State of jurisdiction. We do not understand it to be controverted that section 4540 applies equally to foreign corporations, when doing business within this State, as to domestic corporations. This section has been so construed. *Railroad* v. *Walker,* 77 Tenn. 475; *Holland* v. *Railroad,* 84 Tenn. 414; *Telephone Co.* v. *Turner,* 88 Tenn., 266, 12 S. W., 544. It was said in *Railroad* v. *Walker,* supra, a suit for breach of contract, that—"The action is transitory, and such actions, unless otherwise expressly provided, may be brought wherever the defendant is found."

But it is insisted that the enactment of the statute of 1887, carried into the Code as sections 4543-4546, operated to limit, if not expressly, then by necessary construction, the jurisdiction in suits against foreign corporations to cases in which the transactions forming the

basis of the litigation had arisen in whole or in part within this State. The act of 1887 has been before this court in a number of cases, and it has been construed to apply only to the class of cases expressly provided for by the terms of the act; that is, those only in which process is served on traveling agents, where the foreign corporation has no resident agent or local office. These decisions, in effect, hold that the act of 1887 did not repeal or modify Code, section 4540, and has no application to a case in which a foreign corporation is doing business in this State, and has residing in the State an agent who is representing the corporation in the doing of its business. *Telephone Co.* v. *Turner,* 88 Tenn., 267, 12 S. W., 544; *Insurance Co.* v. *Spratley,* 99 Tenn., 327, 42 S. W., 145, 44 L. R. A., 442, and other cases cited in Shannon's notes.

The case of *Patton* v. *Casualty Co.,* 119 Tenn., 364, 104 S. W., 305, we think answers the insistence made by the defendants based upon the nonresidence of the complainants and the foreign origin of the transaction upon which the suit is based. In this case Mr. Justice NEIL reviews a number of the authorities, and quite definitely concludes, not only that "it has always been the custom in this State to permit suits upon contracts, regardless of the place of the creation of the contract," but that this rule is well supported by authorities outside of this State. In addition to the citations made in that case, reference is made to the text and notes in 21 R. C. L., 1345 et seq., and particularly to the opinion of Mr. Justice GRAY of the supreme court of the United States in *Barrow Steamship Co.* v. *Kane,* 170 U. S., 100, 18 S. Ct.,

526, 42 L. Ed., 964, in which this procedure is discussed and approved.

While in the course of the opinion in *Peters* v. *Neely,* 16 Lea, 281, the observation, not necessary to the decision in that case, was made that ''the general rule is that the jurisdiction of the court over a foreign corporation by service of process on a resident agent is limited to cases founded upon contracts made, or transactions occurring, in the State,'' the court held that the reason the rule did not apply on the facts of that case was that under the facts shown the foreign corporation ''consents, virtually, to the jurisdiction of the local courts for· all purposes.'' In the forty years since that opinion was written, there has been a great increase in the number of corporations and the extent of their business, calling for·modification of this limitation, and undoubtedly the weight of modern authority supports the proposition that—''Where the jurisdiction is not limited to business done within the State, either by the statutory provisions relating to the mode of service of process, or those relating to the jurisdiction of the subject-matter, an action may be maintained against the corporation, either in the federal or State courts, on a cause of action not arising out of the business transacted within the State.'' 21 R. C. L., 1345.

And so it is said in 14a C. J., 1383, that—''Most courts hold that a foreign corporation may be sued on a transitory cause of action in any State where it is doing business and can be served with process, regardless of whether the cause of action arose within or without the jurisdiction, and regardless of whether plaintiff resides within or without the State''—citing federal decisions

Alwood & Greene v. Hardwood Lbr. Co.

and those of numerous States, only Alabama and one or two other jurisdictions being cited *contra*.

The pertinent principle is complied with whenever the corporation is found doing business in a given State and having there a representative agent upon whom process may be served. These conditions concur in the case at bar, and it results that the petition must be denied and the judgment of the court of appeals affirmed.