**Dorothy DAVENPORT, Surviving Spouse of Clifton Davenport, Deceased, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee, at Jackson.

Aug. 15, 1988.
As Amended Oct. 31, 1988.

James S. Cox, Janice M. Holder, James S. Cox & Associates, Memphis, for appellant.

J. Kimbrough Johnson, Robert L. Moore, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, for appellee.

### OPINION

FONES, Justice.

In this case the trial court dismissed plaintiff's action for breach of contract for lack of subject matter jurisdiction pursuant to T.C.A. § 20–2–201. The Court of Appeals affirmed, and this Court granted plaintiff's Rule 11 application. The sole issue is whether T.C.A. § 20–2–201 applies to foreign corporations that have qualified with the Secretary of State and appointed a registered agent for service of process in this State, or applies only to foreign corporations that are *found* to be doing business in Tennessee but have not qualified or appointed an agent for service of process in this State.

We find the latter to be the case, reverse and remand for trial on the merits.

## I.

On 25 June 1986, plaintiff filed this action for breach of contract against defendant, State Farm Mutual Automobile Insurance Company, a foreign corporation qualified to do business and having a registered agent in Tennessee, appointed pursuant to T.C.A. § 48–1–1201. Process was served upon that agent. In her complaint plaintiff alleged that she is a resident of Shelby County, Tennessee, and the surviving spouse of Clifton Davenport. Plaintiff further alleged that Clifton Davenport, while covered by an insurance policy issued by defendant, suffered an accidental death by fire of which defendant had notice; that the insurance policy included a provision for payment of monthly benefits to the surviving spouse upon the death of the insured; and that defendant made three such payments to plaintiff, but then ceased making monthly payments. Plaintiff further pled that at the time of her husband's death, the filing of her claim with defendant, the receipt of partial benefits under the policy and the wrongful termination thereof, she was a resident citizen of Shelby County, Tennessee. Plaintiff prayed for an award of damages for breach of contract along with the penalty provided by T.C.A. § 56–7–105 for bad faith refusal to pay.

In response, defendant filed a motion to dismiss plaintiff's action for lack of subject matter jurisdiction. In its motion, defendant asserted that it is a foreign corporation qualified to do business in Tennessee and that the subject matter jurisdiction of Tennessee courts over actions is limited by T.C.A. § 20–2–201 to any transaction had, in whole or in part, within this State or any cause of action arising here. Defendant asserted that plaintiff's cause of action did not satisfy either requirement as the insurance policy was issued in Michigan to a Michigan resident who subsequently died in Michigan.

The trial court found that plaintiff's action did not satisfy the requirements of T.C.A. § 20–2–201 and dismissed the case for lack of subject matter jurisdiction. The Court of Appeals affirmed for the same reason advanced by the trial judge.

## II.

The proper adjudication of the controlling issue in this case requires that we examine the origin and trace the history of chapter 226, Public Acts of 1887. That legislation was enacted as a direct response to this Court's decision in *Chicago & Alton Railroad Co. v. Walker,* 77 Tenn. (9 Lea) 475 (1882). A brief reference to the status of foreign corporation law at the time of that decision is appropriate.

During the nineteenth century corporations were considered to be present only in the state in which they were chartered, and under the prevailing view could only be sued in that state. *See Bank of Augusta v. Earle,* 38 U.S. (13 Pet.) 519, 588, 10 L.Ed. 274 (1839). To overcome the obvious problems created by this limitation, the courts developed a theory upon which to base *in personam* jurisdiction over foreign corporations. Under this theory, a foreign corporation was deemed to have consented to the jurisdiction of the courts of a state as a condition to doing business in that state. *Lafayette Insurance Co. v. French,* 59 U.S. (18 How.) 404, 15 L.Ed. 451 (1856); *Developments in the Law: State–Court Jurisdiction,* 73 Harv.L.Rev. 909, 920 (1960); Note, *"Doing Business:"—Defining State Control Over Foreign Corporations,* 32 Vand.L.Rev. 1105, 1108 (1979).

Tennessee adopted the consent theory as a basis of *in personam* jurisdiction over foreign corporations in *Chicago & Alton Railroad Co. v. Walker, supra.* In that case the plaintiff sued an Illinois railroad which had its principal office in Chicago, and had track only in Missouri and Illinois. The defendant did not have an office in Tennessee and had not appointed an agent in Tennessee for service of process. However, defendant had a "travelling agent" in this State whose duties included the solicitation of travel over the railway line. This agent operated in Tennessee, and received mail in Tennessee, though he did not have a fixed office or residence in Tennessee. In the course of his business activities in Ten-

nessee, the travelling agent induced the plaintiff to utilize defendant's railroad during a trip from St. Louis to Kansas City. Upon his return, plaintiff filed an action for breach of contract against defendant alleging that the railroad had failed to provide reclining seats equal to a sleeping car as promised. Service of process was had on the travelling agent in Chattanooga.

On appeal to this Court, defendant argued that service of process upon the travelling agent could not give Tennessee courts jurisdiction over the defendant. The *Walker* Court noted that since plaintiff's action was *transitory*, the action could be brought wherever the defendant was found. *Id.* 77 Tenn. at 478. The *Walker* Court then acknowledged the general principle that "[a] corporation is ... supposed to be located at its principal office." *Id.* However, the Court stated that "it may be that a corporation can be said to be situated, for the purpose of being sued, wherever it has an established place of business ..." *Id.* As an example, the court noted that one Tennessee statute required foreign corporations as a condition to doing business in this State to have an agent authorized to acknowledge service of process in Tennessee. *Id.* The Court then held that even where the provision for an agent for service of process did not apply, a foreign corporation could not escape the jurisdiction of Tennessee courts.

> [T]here is no doubt that foreign corporations may be held subject to the general provisions of our statutes with respect to service of process on corporations, and it is perfectly legitimate to construe these provisions as applicable to foreign as well as domestic corporations, where the language employed will allow this construction. Foreign corporations doing business in this State, with a knowledge of these provisions, cannot complain that they are made to apply to them.

*Id.* 77 Tenn. at 478–79.

The Court then examined the railroad's contention that service of process upon its "travelling agent" was not sufficient to bring the defendant before the courts of this State. The Court noted that the statutes on service of process provided for service on corporations with an office or agency within this State, but did not provide for service of process upon a travelling agent. *Id.* 77 Tenn. at 482. Since the defendant did not have an office or agency in Tennessee the court held that service of process upon the travelling agent was not sufficient to bring the defendant before the courts of this State and dismissed the action.

In response to *Walker* the legislature enacted chapter 226, Public Acts of 1887. The act, which became effective upon its passage 28 March 1887 reads as follows:

AN ACT to subject foreign corporations to suit in this State.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That any corporation claiming existence under the laws of any other State, or of any country foreign to the United States found doing business in this State, shall be subject to suit here, to the same extent that corporations of this State are, by the laws thereof, liable to be sued so far as relates to any transaction had in whole or in part within this State, or any cause of action arising here, but not otherwise.

SEC. 2. *Be it further enacted,* That any corporation having any transaction with persons or having any transaction concerning any property situated in this State, through any agency whatever, acting for it within the state shall be held to be doing business here within the meaning of this Act.

SEC. 3. *Be it further enacted,* That process may be served upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be; and in the absence of such an agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time the transaction out of which the suit arises took place, or if the agency through which the transaction was had be itself a corporation, then upon any agent of that corporation upon whom process might have been served if it were the defendant. The officer serving the process shall state the facts, upon

whom issued, etc., in his return, and service of process so made shall be as effectual as if a corporation of this State were sued, and the process has been served as required by law; but in order that defendant corporation may also have effectual notice, it shall be the duty of the Clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, the postage and fees for which shall be taxed as other costs. The Clerk shall file with the papers in the cause a certificate of the fact of such mailing, and make a minute thereof upon the docket, and no judgment shall be taken in the case until thirty (30) days after the date of such mailing.

SEC. 4. *Be it further enacted,* That it shall be the duty of the plaintiff to lodge at the home office of the company, with any person found there, a written notice from him or his attorney, stating that such suit has been brought, accompanied by a copy of the process and the return of the officer thereon, of which fact affidavit shall be made by the person lodging the same, stating the facts and with whom the notice was lodged, or else the plaintiff or his attorney shall make an affidavit that he has been prevented from serving such notice by circumstances which should reasonably excuse giving it, which circumstances the affidavit of the plaintiff or his attorney shall particularly state; and no judgment shall be taken until one or the other of these affidavits shall be filed and the court be satisfied that the notice has been given the defendant, or that the excuse for not doing so be sufficient.

SEC. 5. *Be it further enacted,* That this Act take effect from and after its

passage, the general welfare requiring it.[1]

The first case in which this Court considered the application of the Act in question was *Telephone Co. v. Turner,* 88 Tenn. 265, 12 S.W. 544 (1889). Turner sued the telephone company in Sumner County, Tennessee for injuries he sustained as a result of an accident that occurred in Sumner County, alleged to have been caused by the negligent maintenance of the telephone company's wires. The telephone company was a foreign corporation qualified to do business in Tennessee and had an office as well as a local resident agent in Gallatin, Sumner County, Tennessee, upon whom process was served. Turner obtained a judgment by default. Thereafter the telephone company petitioned the trial court to quash the execution and void the judgment on the ground that plaintiff had failed to effect service of process as required by sections three and four of Acts of 1887, chapter 226, to-wit: the clerk had failed to mail a copy of the process to the out-of-state home office of the telephone company and plaintiff had failed to lodge with that home office notice of the bringing of the suit and a copy of the process with the officer's return thereon.

In response to the telephone company's contention, Mr. Justice Lurton, writing for the Court, observed that the code sections in effect prior to the passage of Acts of 1887, chapter 226, regulating the mode in which corporations may be sued, applied equally to domestic and foreign corporations having an office and resident agent in the county in which suit was brought and that the service of process in *Turner* was sufficient if the company had been a domestic corporation. It was also noted that the Court had held in *Chicago & Alton Railroad Co. v. Walker, supra* that the

1. T.C.A. § 20-2-201(a) is, in substance, identical to section one of the 1887 Act and T.C.A. § 20-2-201(b) is, in substance, identical to section two of the 1887 Act. The slight difference in the description of location of foreign corporations and the addition of "business trusts" occurred when the general and public statutes of Tennessee were revised and codified as the "Code of Tennessee 1932". In Shannon's Code the four sections of the Act were sections 4543—

4546 and in the Code of 1932, sections 8676—8679. In Tennessee Code Annotated, sections one and two of the 1887 Act were combined into section 20-220 and sections three and four of that Act were numbered T.C.A. § 20-221 and § 20-222. T.C.A. § 20-221 and § 20-222 dealing with service of process were repealed in Act of 1972, chapter 565 section 4, having been superseded by T.R.C.P. 4.04(4) and 4.04(5).

prior Code sections did not apply to a foreign corporation having no resident agent or local office but only a "travelling agent" who was a non-resident of Tennessee.

The Court then continued as follows:

To meet this defect the Act of 1887, Ch. 226, was passed. This Act provides that any non-resident corporation *"found doing business in this State"* shall be subject to suit here, "so far as relates to any transaction had, in whole or in part, within this State, or any cause of action arising here, but not otherwise." The second section defines what is meant by "being found doing business in this State" as embracing "any transaction with persons, or having any transaction concerning any property situated in this State, through any agency whatever, acting for it within the State." The third and fourth sections require service of process upon such agent "found within the county where the suit is brought;"
. . . .

88 Tenn. at 268 [emphasis in original].

The additional requirements of notice to the home office of the foreign corporation were summarized and again the Court noted that the Code provisions in effect at the time of the enactment of Acts of 1887, chapter 226, "covered every case where the foreign corporation had a local office and resident agent". *Id.* at 269.

The Court then concluded as follows:

It did not cover the case of a corporation having no resident agent but doing business through and by means of traveling agents. [77 Tenn. 475] 9 Lea, 475.[1] This Act enlarges the Code provisions, and is not a limitation. The Act does not apply to the appellant, or other foreign corporation having resident agents in the county where suit is brought. The petition was properly dismissed.

----

[1] 77 Tenn. 475 (1882).

*Id.*

The *Turner* Court unmistakably held: (1) that the Act in question did not apply to any foreign corporation qualified to do business and having designated a resident agent as the telephone company had, but only applied to those foreign corporations that were "found" to be doing business without qualification and resident agent, and limited, as was constitutionally appropriate at that time, to transactions and causes of action arising within this State; and (2) that the Act enlarged, rather than limited, the exercise of jurisdiction over foreign corporations by the courts of this State.

In *Life Insurance Co. v. Spratley*, 99 Tenn. 322, 42 S.W. 145 (1897), the constitutionality of Acts of 1887, chapter 226 was questioned on due process grounds. The Court held the Act valid and cited with implicit approval the holding of *Telephone Co. v. Turner, supra.*

In *Guthrie v. Indemnity Association*, 101 Tenn. 643, 49 S.W. 829 (1899), this Court applied the *Turner* court's interpretation of the Act in question to the issue involved therein. The same is true of *Railroad v. Richardson*, 121 Tenn. 448, 117 S.W. 496 (1908) and *Banks Grocery Co. v. Kelley-Clarke Co.*, 146 Tenn. (19 Thompson) 579, 243 S.W. 879 (1922).

The most significant decision involving the 1887 Act since *Telephone Co. v. Turner, supra* is *Alwood & Greene v. Buffalo Hardwood Lbr. Co.*, 152 Tenn. (25 Thompson) 544, 279 S.W. 795 (1925). The defendant lumber company was a New York corporation with a representative in Williamson County, Tennessee. This representative entered into a contract in Georgia on behalf of defendant, with the plaintiffs, a Georgia partnership. Plaintiffs filed an action in Williamson County for breach of the Georgia contract and process was served on the defendant's Williamson County representative.

On appeal defendant asserted that jurisdiction in Tennessee was improper for a number of reasons. Initially, the *Alwood* court held that service of process upon defendant's representative was proper under Shannon's Code section 4540 [subsequently codified as T.C.A. § 20-217] as the representative was the corporation's chief agent in Williamson County. The Court then addressed defendant's contention that the jurisdiction of Tennessee courts over

foreign corporations was limited to transactions within or causes of action that accrued within this State, as follows:

It is vigorously insisted for the defendant that the non-residence of the complainant and the conceded fact that the transaction arose in another state deprives the courts of this State of jurisdiction. We do not understand it to be controverted that section 4540 applies equally to foreign corporations, when doing business within this State, as to domestic corporations. This section has been so construed. *Railroad v. Walker*, 77 Tenn. 475; *Holland v. Railroad*, 84 Tenn. [ (16 Lea) ] 414; *Telephone Co. v. Turner*, 88 Tenn., 266, 12 S.W., 544. It was said in *Railroad v. Walker*, supra, a suit for breach of contract, that—"The action is transitory, and such actions, unless otherwise expressly provided, may be brought wherever the defendant is found."

*Id.* at 548.

In further response to the same issue, the Court quoted the following proposition from 21 R.C.L. 1345 as representing the weight of modern authority:

"Where the jurisdiction is not limited to business done within the State, either by the statutory provisions relating to the mode of service of process, or those relating to the jurisdiction of the subject-matter, an action may be maintained against the corporation, either in the federal or State courts, on a cause of action not arising out of the business transaction within the State."

*Id.* at 550.

In responding to the defendant's contention that T.C.A. § 20–2–201 (at that time Shannon's Code 4543—4544) provided a statutory limitation upon jurisdiction over foreign corporations, the Court cited the holdings of the previous cases, to-wit: that the limitations of the 1887 Act apply only to those cases in which process is served upon travelling agents because the corporation did not have a resident agent or a local office within Tennessee. As service of process in *Alwood* was perfected upon the corporation's resident agent the Court held

that the 1887 Act did not apply and that the exercise of *in personam* jurisdiction over the defendant was proper.

### III.

The first case to hold that the limitations contained in T.C.A. § 20–2–201 applied to all actions where the defendant is a foreign corporation was *Gillis v. Clarke Equipment Co.*, 579 S.W.2d 869 (Tenn.App.1978). Review by petition for certiorari to this Court was not sought in *Gillis*. Plaintiff was a Tennessee resident, injured while operating a forklift in Massachusetts. He sued the owner, the manufacturer and the seller of the forklift, respectively. The defendants were all foreign corporations doing business in Tennessee and process was served upon the registered agents of the respective defendants.

The trial court granted defendants' motion to dismiss on the ground that pursuant to T.C.A. § 20–2–201 [then codified as T.C.A. § 20–220] foreign corporations are not subject to suit in Tennessee for claims arising outside the State.

The *Gillis* court acknowledged the existence of "an earlier line of cases, beginning with *Cumberland Telephone Co. v. Turner*," but without discussion of those cases held that "[t]he cosmetic differences with the prior holdings may be reconciled by following the decision of *Delaney Furniture Co. v. Magnavox* [222 Tenn. 329, 435 S.W.2d 828 (1968) ]". 579 S.W.2d at 874. The *Gillis* court concluded that T.C.A. § 20–2–201 governed the subject matter jurisdiction of Tennessee courts and provided a subject matter limitation upon actions against all foreign corporations whether qualified with duly appointed registered agents or not.

The only other reported Tennessee case recognizing T.C.A. § 20–2–201 as a subject matter limitation upon the *in personam* jurisdiction of Tennessee courts over foreign corporations is *Williams v. Williams*, 621 S.W.2d 567 (Tenn.App.1981). Therein, the holding in *Gillis* was adopted and applied without question as to its validity.

In *Delaney* the receiver for an insolvent Kentucky corporation sued a Tennessee corporation and a Delaware corporation doing business in Tennessee to recover items

of personal property allegedly transferred to the defendants as the result of a preferential transfer. This Court noted that plaintiff was a foreign chancery court receiver without title to the property either by statute or otherwise. In addition the Court noted that the suit was inimical to the interests of Tennessee creditors and sought to enforce a constructive liability contrary to Tennessee law. Therefore, the Court held that the foreign receiver was not authorized to bring the action in Tennessee and affirmed the dismissal thereof against both defendants.

The Court then addressed the Delaware corporation's claim that it could not be sued in Tennessee on a claim that arose outside of Tennessee pursuant to T.C.A. § 20–2–201 [then T.C.A. § 20–220]. The *Delaney* court noted that several statutes provided for service of process upon foreign corporations. The Court then stated that while these were to be read *in para materia*, T.C.A. § 20–2–201 "controls the right to sue, with respect to the origin of the cause of action." *Id.* 222 Tenn. at 337, 435 S.W.2d at 832. The *Delaney* court concluded that dismissal of the action against the Delaware corporation was proper under T.C.A. § 20–2–201.

Several reasons make the reliance by the Court of Appeals upon *Delaney* inappropriate. First, the statements made in *Delaney* relative to T.C.A. § 20–2–201 were clearly unnecessary to that court's decision and are therefore dictum. As dictum those statements are not binding under the doctrine of *stare decisis. Metropolitan Government of Nashville v. Reynolds,* 512 S.W.2d 6 (Tenn.1974). Second, although the *Delaney* opinion clearly contradicts the prior opinions of this Court interpreting the Act of 1887, the *Delaney* court did not mention any of those cases.

Neither the *Delaney* court, the *Gillis* court nor the *Williams* court advanced any reason for overruling the cases beginning with *Telephone Co. v. Turner, supra* that we have cited herein. We think that *Turner* and its progeny correctly interpreted and applied the Act of 1887, chapter 226 and overrule the cases holding that T.C.A. § 20–2–201 limits *in personam* jurisdiction

of foreign corporations qualified to do business and having a duly appointed agent in this State, to causes of action arising in this State and transactions had, in whole or in part, within this State. It is patently obvious that the holding of *Gillis* created the anomalous situation of limiting jurisdiction over foreign corporations qualified to do business and with registered agents in Tennessee, to actions and transactions arising within Tennessee, while T.C.A. § 20–2–214(6) in the same chapter and part of the Code grants jurisdiction to the outer limits of due process over foreign corporations having no office, qualification or agent in Tennessee.

We conclude that T.C.A. § 20–2–201 has no application to foreign corporations that have qualified to do business and designated a resident agent, in Tennessee. Thus, the impediment to subject matter jurisdiction posed by that statute and relied upon by defendant in this case, is not applicable here, as defendant is qualified to do business in this State. Subject matter jurisdiction exists in this case by virtue of the principle enunciated in *Alwood,* and defendant's dealings with plaintiff in this State giving rise to a cause of action in Tennessee.

### IV.

In footnote one we traced the codification of the Act of 1887 from its origin to the repeal of sections three and four and the codification of sections one and two into T.C.A. § 20–220. In the process of renumbering T.C.A. into the three-tier system, chapters were divided into parts to facilitate the grouping of related sections. T.C.A. Volume Two, User's Guide at x. T.C.A. § 20–220 appears in revised Volume Four as § 20–2–201 with subsections (a) and (b) unchanged in substance from sections one and two of the Act of 1887, chapter 226.

Of significance to this lawsuit, T.C.A. § 20–2–201 is the first section in part two of the chapter on process which is entitled "LONG ARM STATUTES". That positioning is appropriate because the 1887 Act was the first long arm statute enacted by the Tennessee Legislature. The principal object and use of long arm statutes is to

confer jurisdiction upon state courts of foreign corporations found to be doing business within the State without having qualified and appointed a resident agent.

A comparison of T.C.A. § 20–2–201 with T.C.A. § 20–2–214, the long arm statute first enacted by Public Acts of 1965, chapter 67, reveals that subsections (1)–(5) of the latter statute have the same application to the activities of foreign corporations in Tennessee as does T.C.A. § 20–2–201. In 1972, however, the legislature added subsection (6), to wit: "Any basis not inconsistent with the constitution of this state or of the United States." That subsection expanded the jurisdiction of Tennessee courts to the full extent permitted by due process. *Masada Inv. Corp. v. Allen,* 697 S.W.2d 332, 334 (Tenn.1985).

The addition of subsection (6) resulted in an irreconcilable conflict with the phrase "but not otherwise" which limited the jurisdiction conferred by T.C.A. § 20–2–201. In these circumstances, T.C.A. § 20–2–214, the later-enacted section, has repealed by implication T.C.A. § 20–2–201. *See Jenkins v. Loudon County,* 736 S.W.2d 603 (Tenn.1987); *State Department of Revenue v. Moore,* 722 S.W.2d 367 (Tenn.1986); *Oliver v. King,* 612 S.W.2d 152 (Tenn.1981).

The result is that the judgments of the courts below are reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs are adjudged against defendant.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.