**Marijka Ann WALKER,**
**Plaintiff/Appellant,**

v.

**NATIONWIDE INSURANCE**
**COMPANY, Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Oct. 17, 1990.

Application for Permission to Appeal
Denied by Supreme Court
April 8, 1991.

Douglas S. Johnston, Jr., Nashville, for plaintiff/appellant.

Thomas M. Donnell, Jr., Nancy L. Childress, Stewart, Estes & Donnell, for defendant/appellee.

FARMER, Judge.

The instant appeal stems from the dismissal of the appellant's action on the basis of lack of *in personam* jurisdiction, insufficient service of process, and improper venue.

On July 4, 1987, Marijka Walker (plaintiff/appellant) was involved in an auto accident while driving through Campbell County, Tennessee. Donna Johnson, the driver of the other automobile involved in the accident, was an insured of Nationwide Insurance Company (defendant/appellee). Donna Johnson was a resident of New York at the time of the accident and had obtained her automobile insurance from Nationwide in New York.

Nationwide is an Ohio corporation with its principal place of business in Ohio. Nationwide has qualified to do business and is, in fact, doing business in Tennessee. Nationwide has appointed the Commissioner of Insurance as its agent for service of process pursuant to T.C.A. § 56-2-103(a)(3).

According to the complaint, after the accident Nationwide began negotiations with Ms. Walker on Donna Johnson's behalf. The parties reached an agreement on the property damage owed the plaintiff, but allegedly engaged in further settlement negotiations regarding personal injury damages. Ms. Walker alleges that Nationwide fraudulently induced her to forego her right to bring suit against Donna Johnson within Tennessee's statute of limitations. Nationwide allegedly promised Ms. Walker that they would continue settlement negotiations and assured her that the passing of the statutory period would not preclude a settlement. After the action was time barred, however, the defendant refused to undergo further negotiations.

Thereafter, the plaintiff filed suit in Circuit Court for Davidson County, Tennessee contending that Nationwide was guilty of bad faith negotiations of a claim, fraud, constructive fraud, intentional infliction of emotional distress, outrageous conduct, breach of express and implied contract, breach of quasi contract, and negligent supervision of its employees. All conversations that gave rise to this action occurred while the plaintiff was either in Michigan, Ohio, or Kentucky and the defendant's representative was in New York.

## I.

The issue, as we perceive it, now before this Court is:

> Whether the trial court properly dismissed the plaintiff's action on the basis of (a) lack of *in personam* jurisdiction, (b) insufficient service of process, and (c) improper venue.

## A.

■ Nationwide contends that an assertion of *in personam* jurisdiction over them would violate their "due process rights" as provided for in the Fourteenth Amendment to the United States Constitution.[1] Defendant argues that since both parties to this litigation are non-residents and the cause of action did not arise here, nor does it have any connection to Nationwide's contacts here, then this forum cannot exercise personal jurisdiction over them for purposes of this litigation.

It is uncontroverted that Ms. Walker is a non-resident of Tennessee and Nationwide is a foreign corporation[2] that has qualified

---

1. *Perkins v. Benquet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), answers the *federal* due process question. This case held that a state *may* properly exercise judicial jurisdiction over a foreign corporation for causes of actions which arise in another jurisdiction, if the corporation's activities in the forum state are substantial and continuous.

2. The term "foreign corporation" refers to a corporation that is not chartered in the forum state. *Williams v. Williams,* 621 S.W.2d 567, 569 (Tenn.Ct.App.1981) (overruled for other reasons in *Davenport v. State Farm Mutual Automobile Insurance Company,* 756 S.W.2d 678 (Tenn.1988)), citing *Mobile and Ohio Railroad Co. v. Barnhill,* 91 Tenn. 395, 19 S.W. 21 (1882) and *Holland v. Mobile and Ohio Railroad Co.,* 84 Tenn. 414 (1886). *Holland* sets out the basic

to do and is doing business in Tennessee. Additionally, it is apparent that this cause of action did not arise in Tennessee and the action does not have any connection to Nationwide's contacts here.

Before the adoption of the "minimum contacts standard," *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the assertion of personal jurisdiction over foreign corporations was accomplished under the "consent theory." (*See Davenport v. State Farm Mutual Automobile Insurance Company*, 756 S.W.2d 678, 679 (Tenn.1988), for a discussion of the adoption of the consent theory.)

Tennessee requires foreign corporations doing business in Tennessee to appoint an agent for service of process. Under the consent theory, a foreign corporation was deemed to have consented to *in personam* jurisdiction if that agent was served in Tennessee. *See e.g., Peters v. Neely*, 84 Tenn. (16 Lea) 275 (1886); *Chicago & Alton Railroad Co. v. Walker*, 77 Tenn. (9 Lea) 475 (1882); *See also St. Claire v. Cox*, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222 (1882).

Initially, a court's jurisdiction over foreign corporations was limited to causes of action which occurred in the forum state. *Neely*, 84 Tenn. at 281. However, in light of the increase in corporations and the scope of their business, the Tennessee Supreme Court modified this limitation and enunciated the following principles as being applicable to foreign corporations "doing business" in Tennessee.

> "Where the jurisdiction is not limited to business done within the state, either by statutory provisions relating to the mode of service, or those relating to the jurisdiction of the subject-matter." ... 21 R.C.L. 1345....

> "[A] foreign corporation may be sued on a transitory cause of action in any state it is doing business and can be served with process *regardless of whether the cause of action arose within or without the jurisdiction, and regardless of whether plaintiff resides within or without the state.*" [14a C.J. 1383.] (Emphasis added)

*Alwood and Green v. Buffalo Hardware Lumber Company*, 152 Tenn. (25 Thompson) 544, 548, 279 S.W. 795, 797 (1925).[3]

Nationwide is a foreign corporation qualified and doing business in Tennessee with offices located in Tennessee. It admits being served by certified mail at its Davidson County office. It is apparent under the principles set forth in *Alwood* that Nationwide would be subject to jurisdiction here. The statute providing for service of process in this case[4] does not limit such service to business done within the state, and after *Davenport*,[5] with regard to a foreign corporation that has qualified to do business in Tennessee and has appointed a resident agent for service of process, a court's jurisdiction is not limited either. Therefore, according to *Alwood* it is immaterial in this case "whether the cause of action arose within or without the jurisdiction ... [or] whether plaintiff resides within or without the state." 279 S.W. at 797.

In *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, the United States Supreme Court discarded the "consent" and "doing business" theories and adopted the "minimum contacts" standard. It was the court's intention in *International Shoe* to further expand long arm jurisdiction by the adoption of this minimum contacts standard. The minimum contacts test was to be a more flexible test which would require less corporate activity in the forum in order to confer personal jurisdiction upon a for-

---

principle that a corporation is a domestic corporation in every state it is chartered.

**3.** In *Alwood* the claimant was a non-resident of Tennessee, the defendant was a foreign corporation, and the transaction arose in another state. The Tennessee Supreme Court held that *in personam* jurisdiction could be properly conferred upon the defendant.

**4.** The applicable service of process statute is discussed in detail in section B of this opinion.

**5.** Section C of this opinion discusses *Davenport*, 756 S.W.2d 678 (Tenn.1988), and its holding "that T.C.A. § 20–2–201 has no application to foreign corporations that have qualified to do business and designated a resident agent, in Tennessee." *Id.* at 684.

eign corporation.[6] *Burnham v. Superior Court of California*,[7] — U.S. ——, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).

The court held in *International Shoe* that:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 [ (1940) ].

326 U.S. at 316, 66 S.Ct. at 158; *See also Masada Investment Corp.*, 697 S.W.2d 332 (Tenn.1985).

Nationwide contends that the assertion of jurisdiction, if at all, is enumerated in Tennessee's long arm statute, § 20–2–214(a)(6) which provides:

> **Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.**—(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:....
>
> (6) Any basis not inconsistent with the constitution of this state or of the United States;....

It was not until 1972 that subsection (a)(6) of T.C.A. § 20–2–214 was added to the long arm statute. This amendment has been interpreted to comprehend the full jurisdiction allowable under the 14th amendment due process clause. *Shelby Mutual Insurance Company v. Moore*, 645 S.W.2d 242 (Tenn.Ct.App.1981); *Davenport*, 756 S.W.2d 678. The litmus test for determining the maximum extent permitted by the due process clause is the "minimum contacts" test. *Masada*, 697 S.W.2d 332.

The Tennessee Supreme Court in *Masada* stated the requisite factors which determine the existence or absence of minimum contacts:

> [T]hree primary factors are to be considered in determining whether the requisite minimum contacts were present: the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts. Two lesser factors to be considered are the interest of the forum State and convenience.

697 S.W.2d at 334, citing *Shelby Mutual Insurance Company v. Moore*, 645 S.W.2d at 246. Under Tennessee's "minimum contacts" test the cause of action need not arise in this forum, *Masada*, 697 S.W.2d at 334; *Davenport*, 756 S.W.2d 678, and all five factors set forth in *Masada* need not be present for the exercise of *in personam* jurisdiction to be proper. *Shelby Mutual Insurance Company v. Moore*, 645 S.W.2d at 246.

Despite case history and the expansive concept behind the adoption of the *International Shoe* doctrine, the defendant still insists that the exercise of *in personam* jurisdiction is in violation of the due process clause. Nationwide contends that the requirements set forth in the *Masada* test cannot be satisfied, therefore, an exercise

---

**6.** As set forth in 36 Am.Jur.2d, *Foreign Corporations*, § 472 at pp. 477–478: "The concept of a state's jurisdiction over foreign corporations *has been greatly expanded* by comparatively recent decisions of the United States Supreme Court which in effect abandoned the 'consent,' 'doing business,' and 'presence' theories as the standard for measuring the judicial power over such corporations. The tests as applied by such court in the *International Shoe v. Washington* case ... is that, to subject a foreign corporation to a judgment in personam, due process requires only that the corporation have 'certain minimum contacts' with the territory of the forum, such that the maintenance of the action does not offend 'traditional notions of fair play and substantial justice.'" (Emphasis added)

**7.** *See Burnham* for a discussion of the history of in personam jurisdiction and its development over the years. The United States Supreme Court held in *Burnham* that personal service of a non-resident defendant, while only temporarily in the forum state, was sufficient to assert in personam jurisdiction over him for a cause of action totally unrelated to his activities there. — U.S. ——, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).

of personal jurisdiction over them would be inconsistent with due process.

It is hard for us to conceptualize, as the defendant contends, that jurisdiction was proper under the old jurisdictional standards, but improper under the more liberal "minimum contacts standard." As the Tennessee Supreme Court stated in *Davenport*, "[t]he principal object and use of the long arm statute is to confer jurisdiction upon state courts of foreign corporations found to be doing business within the State *without having qualified and appointed a resident agent.*" (Emphasis added) 756 S.W.2d at 684–685.

Nationwide, as we have stated, has qualified to do business in Tennessee, is doing business in Tennessee, and concedes process was served upon it at its Davidson County office.[8] Therefore, we conclude that compliance with Tennessee's service provisions subjects Nationwide to a judgment *in personam* as fully as if they were a domestic corporation.[9]

## B.

Pursuant to T.C.A. § 56–2–504 and T.R.C.P. 4.04(12), the plaintiff issued service of process upon the Commissioner of Insurance and upon Nationwide's office located in Davidson County, Tennessee.

T.C.A. § 56–2–504 provides that:

(a) When the commissioner of commerce and insurance has been appointed or constituted attorney for any such company, either by power of attorney or by failure to comply with the provisions of § 56–2–503, any lawful process against or notice to such company in any action or proceeding against it *from any cause of action arising in Tennessee may be* *served on the commissioner*, and filing such power of attorney or doing such business in Tennessee shall be a signification of its agreement that any such process or notice so served shall be of the same legal force and validity as if served upon it in the state of Tennessee. In case of any action or proceeding instituted by or on behalf of the commissioner against or with reference to any such company, process may be lawfully served on the secretary of state. (Emphasis added)

Nationwide contends that there was insufficient service of process because the plaintiff served the Commissioner of Insurance. The defendant argues that, according to the terms of the statute (T.C.A. § 56–2–504) itself, service of process through the Commissioner of Insurance is only valid for causes of action arising in Tennessee.

Had this substituted service been the only means of service in the instant case, then the defendant's contention would have been correct. According to *Cox v. Fidelity–Phoenix Fire Insurance Company of New York*, 203 Tenn. 386, 391, 313 S.W.2d 429, 431 (1958), substituted service of process on the insurance commissioner is limited to causes of action which arise in Tennessee. As we have noted previously, the cause of action in this case did not arise or have any connection to the state of Tennessee.

T.C.A. § 56–2–504 was not by its own terms, however, intended to be an exclusive means of service of process on a foreign insurance corporation. The statute provides, "any action or proceeding ... *may* be served on the commissioner...." (Emphasis added) By the insertion of the

---

8. T.R.C.P. 4.04(4) states: "Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

9. See 36 Am.Jur.2d, *Foreign Corporations*, § 467 at pp. 472–473: "[T]he unquestioned rule today is that a foreign corporation may be found in any jurisdiction in which it carries on business by means of officers or agents therein, and if the legislature of that jurisdiction has provided, expressly or impliedly, for the service of process upon foreign corporations, the corporation is subject to suit in the jurisdiction upon compliance with the provisions as to service. A foreign corporation doing business in the state subjects that business to the jurisdiction of the courts as fully as if it were conducted by a domestic corporation."

word "may" it is clear that it is the Legislature's intent that this statute provide an additional method of service and not an exclusive one. (*See Elliott v. Southwestern Life Insurance Company*, 615 S.W.2d 116 (Mo.App.1981), for a similar interpretation of a like statute.)

■ Service of process in this case was also obtained pursuant to T.R.C.P. 4.04(12) which provides that:

Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, his attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, his attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

It is uncontroverted that the plaintiff complied with the statutorily prescribed provisions of T.R.C.P. 4.04(12). Therefore, as stated in *Beautytuft, Inc. v. Factory Insurance Association*, "[W]e see no need to extend the holding of *Cox* ... to cases like this where actual service has been had." 431 F.2d 1122, 1127 (6th Cir.1970).

### C.

■ Nationwide contends that venue was improper in this case because the court lacked personal and/or subject matter jurisdiction.

As we have noted hereinabove, personal jurisdiction can properly be exercised over Nationwide in the instant case. Further-

more, although we are aware that subject matter jurisdiction cannot be waived, *Seagram Distillers Company v. Jones*, 548 S.W.2d 667 (Tenn.Ct.App.1976); *Mayhew v. Mayhew*, 52 Tenn.App. 459, 376 S.W.2d 324 (1963), and cannot be conferred upon a court by appearance, plea, or consent, *Kane v. Kane*, 547 S.W.2d 559 (Tenn.1977); *Gillespie v. State*, 619 S.W.2d 128 (Tenn. Ct.App.1981), Nationwide has not indicated and we are not aware of any statute or holding that has any subject matter limitation upon Tennessee courts with regard to this litigation.

We are mindful of T.C.A. § 20–2–201 which provides in part:

**Foreign corporations subject to actions.**—(a) Any corporation claiming existence under the laws of the United States or any other state or of any other country foreign to the United States, or any business trust found doing business in the state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state or any cause of action arising here, but not otherwise.

However, the Tennessee Supreme Court held in *Davenport* that T.C.A. § 20–2–201 is not applicable to foreign corporations that have qualified to do business in this state and have appointed a resident agent for service of process. 756 S.W.2d 678 (Tenn.1988). Therefore, since there is no limitation upon the court's jurisdiction, we conclude that this forum can properly enter a valid binding judgment over this particular controversy.

### II.

■ On appeal from a trial court decision a "presumption of correctness" accompanies the trial court's factual determinations. In reviewing questions of law, on the other hand, the scope of review is *de novo* with no such presumption. *Billington v. Crowder*, 553 S.W.2d 590 (Tenn.Ct. App.1977); See also T.R.A.P. 13(d). After reviewing the established precedent in the present case, we are convinced that the law

in Tennessee is contrary to the trial court's determination.

For all the foregoing reasons the judgment of the trial court is reversed and this action is thereby remanded for proceedings consistent with this opinion. Costs of this appeal are taxed to the defendant for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.