SHELBY MUTUAL INSURANCE COMPANY, Appellant,

v.

William MOORE and Evelyn Janice Moore, Appellees.

Court of Appeals of Tennessee, Western Section.

Dec. 23, 1981.

Permission to Appeal Denied by Supreme Court March 8, 1982.

Waring, Cox, Sklar, Allen, Chafetz & Watson, Memphis, for appellant.

Ralph D. Golden, Memphis, for appellees.

## OPINION

BROOKS McLEMORE, Special Judge.

This case involves the application of our Long Arm Statute.[1]

Plaintiff-appellant, Shelby Mutual Insurance Company, a Tennessee corporation, issued a policy of liability and property insurance to Southland Flyers, Inc., a Tennessee corporation doing business in Shelby County. The policy insured Southland against property loss resulting from damage to its aircraft. At the time, Southland was in the business of renting aircraft to the public at its location in Memphis.

Defendants-appellees, William and Janice Moore, rented various airplanes from Southland at its Memphis office on numerous occasions between December, 1975 and July, 1979. On or about July 20, 1979, Defendants rented a Cessna airplane, registration # N53097, from Southland. They executed a written lease agreement or "trip ticket" in connection with this rental providing for a flight from Memphis to Sac City, Iowa and return flight. On the return flight to Memphis, the plane crashed in Missouri. Plaintiff instituted this action on July 3, 1980 against the defendants to collect for its subrogation interests, claiming that the Defendants' negligent operation of the Cessna in failing to have an adequate fuel supply on board the airplane caused the accident.

The jurisdictional question arises because the Defendants resided in Shelby County when the cause of action arose, and when the Complaint was filed on July 3, 1980. After the Complaint was filed, but before service was effected, the Defendants moved from Shelby County on July 9, 1980 where they had resided for the previous three years. Since the original service of process came back "not to be found," Plaintiff prepared an alias summons which it forwarded to the Secretary of State pursuant to T.C.A. § 20-2-214. The Defendants received this alias summons at their address in Odebolt, Iowa, on September 15, 1980.

Upon motion of the Defendants, the Trial Court dismissed the cause of action for lack of jurisdiction.

Plaintiff appeals from the action of the Trial Court.

The issues presented are: (1) whether *in personam* jurisdiction over the Defendants

---

1. T.C.A. 20-2-214. Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.—(a) Persons who are non-residents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(1) The transaction of any business within the state;

(2) Any tortious act or omission within this state;

.  .  .  .  .

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6) Any basis not inconsistent with the constitution of this state or of the United States;

.  .  .  .  .

can be predicated upon T.C.A. § 20–2–214(a)(1) and (5) regardless of the legal theories upon which recovery is sought? (2) Whether there are minimum contacts sufficient to allow Tennessee courts to properly extend jurisdiction over the Defendants by the operation of the provisions of T.C.A. § 20–2–214(a)(6).

Defendants contend, and the Trial Court apparently agreed, that since Plaintiff's cause of action is for the alleged negligent operation of an aircraft and nowhere in the Complaint has the Plaintiff alleged a breach of contract or set out the elements of such a cause of action, subsections (1) and (5) of our Long Arm Statute are not a sufficient basis for Tennessee Courts to assert jurisdiction, and that the minimum contacts necessary for a finding of jurisdiction are not present under subsection (6). We note at the outset that no allegation is made in the complaint, and the Plaintiff has not argued here that any tortious act or omission occurred in this state and therefore, subsection (2) is not applicable.

Under the facts stated there can be no doubt that the defendants transacted business in this state and that they entered into a contract for services to be rendered and for materials to be furnished in this state and that Tennessee has an interest in resolving this litigation.

We are of the opinion that defendants' contacts with Tennessee at the time the cause of action arose were so pervasive that the exercise of *in personam* jurisdiction does not offend traditional notions of fair play and substantial justice and that the Circuit Court of Shelby County, Tennessee, has jurisdiction of the defendants under the provisions of subsection (6) of our Long Arm Statute and we therefore reverse and remand for appropriate proceedings not inconsistent with this opinion.

The effect of the addition of subsection (6) to our statute is dealt with at length in the case of *Gullett v. Qantas Airways Ltd.,* 417 F.Supp. 490 (M.D.Tenn. 1975). Judge Morton in a well reasoned analysis dealing with that subject and also the limits the Due Process Clause imposes on the exercise of jurisdiction of state courts over non-resident defendants, said:

"Defendant contends that under the above statute, it is required that the cause of action arise out of an activity in Tennessee. The court does not agree with this interpretation of the Tennessee long arm statute.

T.C.A. § 20–235 was amended by the addition of subsection (f) in April of 1972. It is the position of the defendant that subsection (f) did virtually nothing to change the meaning of the long arm statute; that it was ' . . . solely a legislative reaffirmation of the holding in *Southern Machine Co. v. Mahasco Industries, Inc.,* 401 F.2d 374 (6th Cir.1968) that:

' "[F]or causes of action arising out of a non-resident defendant's business activities in the State, the Tennessee legislature intended to extend the jurisdiction of Tennessee courts over a non-resident to the full extent permitted by the Fourteenth Amendment." 401 F.2d at 377.' (Defendant's Reply Memorandum Brief in Support of Motion to Dismiss, p. 20.)

The court rejects this contention. At the time *Mohasco* was decided, the above quote from that case was a valid interpretation of the Tennessee long arm statute. Subsection (f) had not been added to the statute, and subsections (a) through (e) all contain the limitation 'within this state' or 'in this state.'

However, with the addition of subsection (f), the legislature expanded the jurisdiction of the courts of this state to "any action or claim for relief arising from . . . (f) any basis not inconsistent with the constitution of this state or of the United States." The language of the statute is clear. There is no mention of any "within the state" limitation in subsection (f), and one can only assume that it was the intent of the legislature not to include such a restriction in that subsection.

The available legislative history on subsection (f) is scanty.[1] The bill adding subsection (f) to T.C.A. § 20–235 (Senate Bill No. 1640, Public Acts Ch. 689, § 1) was

apparently passed in the Senate without discussion. Representative Burnett, in introducing the bill in the House, stated:

'. . . primarily what this bill does is expand the right of our Tennessee citizens to bring suit under our long arm statute against non-residents outside of the state. As you know, we have a long arm statute in Tennessee, and some of our local court decisions have somewhat thwarted the effect of that by limiting the use of that particular section. This bill will do no more than give the Tennessee citizens— the people of our state—the right to additional process *and additional reasons for service of process* in accordance with the Constitution of the United States.' (Tennessee Archives, Legislative Recordings, April 4, 1972, H–195) (emphasis supplied.)

Additionally, T.C.A. § 20–240 provides that the long arm statute is remedial in nature and is to be liberally construed. Thus, the clear language of the statute, its legislative history, and T.C.A. § 20–240 convince this court that subsection (f) expands the jurisdiction of Tennessee courts under T.C.A. § 20–235 to the full constitutionally permissible limits. This conviction is supported by the Tennessee Supreme Court's language in *W.B. Dunavant & Co. v. Perkins,* 498 S.W.2d 905 (Sup.Ct.1973), to the effect that:

'. . . under paragraph (f), the courts of this state have jurisdiction to the full extent constitutionally permitted.' at 909

Federal courts have likewise interpreted subsection (f) as expanding the long arm statute to its constitutional limits. In *Walker v. Kawasaki Motors Corporation,* 62 F.R.D. 607, 610 (E.D.Tenn.1973), Judge Taylor noted: 'This addition, therefore, made clear the legislative intention to extend the Tennessee Act, for all purposes, to the limits of the Due Process Clause.'

The court does not propose to discuss the cases pertaining to T.C.A. § 20–235 which were decided before the addition of subsection (f) to the statute, as this subsection changes the statute so substantially that a discussion of prior cases would not be of any particular assistance.

Having determined that the Tennessee long arm statute confers jurisdiction to the full extent allowable under the Due Process Clause of the Fourteenth Amendment, we now turn to the question of what limits the Due Process Clause imposes on the exercise of jurisdiction by state courts over non-resident defendants.

The Supreme Court of the United States has decided five cases which are of significance in delineating the limits placed upon *in personam* jurisdiction by the Due Process Clause. These cases, sometimes referred to as 'the long arm quintet' (see *Gelineau v. New York University Hospital,* 375 F.Supp. 661 (D.N.J.1974) include: *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Travelers Health Asso. v. Virginia,* 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

*International Shoe Co., supra,* is the leading case in establishing the boundaries within which states may exercise jurisdiction over non-resident defendants. In this case, the Supreme Court set forth the 'minimum contacts' test, which embodies the accepted approach to jurisdictional due process questions:

'. . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' 326 U.S. 316, 66 S.Ct. 158.

This test, while a valuable concept, is incapable of any precise definition. *Prior to the addition of subsection (f),* the Sixth Circuit Court of Appeals, in reference to T.C.A. § 20–235, formulated the following three-pronged test for determining the outer limits of *in personam* jurisdiction based on a single act:

'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.' *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

It is important to note that at the time of the *Mohasco* decision, T.C.A. § 20–235 was a 'single act' statute. The *Mohasco* court specifically recognized this, as indicated in the following language:

'In considering this Act, we can put to one side cases where the activities of a corporation are sufficient to justify the assumption of jurisdiction even for causes of action arising outside the forum state. *Cf. Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The Tennessee Long Arm Statute is a "single act" statute by which the State only purports to assume jurisdiction over causes of action arising out of the defendant's activities in the State.' 401 F.2d 377.

As noted previously, with addition of subsection (f), the Tennessee long arm statute was changed from a 'single act' statute to a 'minimum contacts' statute. Thus, while the *Mohasco* test is properly applicable to a single act statute, it is too narrow and restrictive for the present Tennessee long arm statute.

The test for determining the outer limits of *in personam* jurisdiction under a 'minimum contacts' statute is somewhat more amorphous than the *Mohasco* test. The amount and kind of activities which must be carried on by the foreign corporation in the forum state so as to make it reasonable and just to subject the corporation to the jurisdiction of that state should be determined according to the particular facts in each case. *Perkins v. Benguet Consolidated Mining Co., supra.* See also *Velandra v.*

*Regie Nationale des Usines Renault,* 336 F.2d 292 (6th Cir.1964), *supra.* The test is one of 'general fairness to the corporation,' *Perkins v. Benguet, supra,* 342 U.S. at 445, 72 S.Ct. 413 at 418, and this must of necessity involve some subjective value judgment by the courts.

Nonetheless, it is possible to define certain elements which are to be considered in determining whether or not the requisite 'minimum contacts' are present in a given case. The following remarks by Judge Blackmun (now Mr. Justice Blackmun) are of assistance in this respect:

'. . . at one time or another in the opinions, three primary factors, namely, the quantity of the contacts, the nature and quality of the contacts, and the source and connection of the cause of action with those contacts, are stressed and . . . two others, interest of the forum state and convenience, receive mention. . . . The Supreme Court has certainly not indicated that all five of these factors must be present in substantial degree for jurisdiction to be constitutionally effected.' *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir.1965).

See also *Odom v. Thomas,* 338 F.Supp. 877 (S.D.Tex.1971), similarly citing these criteria for the minimum contacts test."

417 F.Supp. at 493–95.

We agree with the foregoing interpretation of the effect of the addition of subsection (6) to our Long Arm Statute and the analysis of the District Court of the test for determining the outer limits of *in personam* jurisdiction under a "minimum contacts" statute.

The phrase "fair play and substantial justice" must be viewed in terms of whether it is fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action. In each case, the quality and nature of those activities in relation to the fair and orderly administration of the law must be weighed. As stated about in *Qantas,* this must involve some subjective value judgment by the courts.

In the instant case, the defendants were residents of Tennessee when they personally transacted business with plaintiff's assured in Memphis, and contracted for materials and services to be rendered. They had been transacting the identical business, i.e., leasing airplanes from plaintiff's assured over a period of years. All airplane leases and instruction fees were put on a personal account which was billed and paid monthly, they intended to return the airplane to Memphis and would have done so had it not crashed. They returned to Memphis which was their home and resided there for nearly a year after the crash and were available for personal service even after the complaint was filed. The return "not to be found" had been dated July 10, 1980, one day after the defendants moved from the state. Had personal service been had, there can be no doubt that the Shelby County Circuit Court would have jurisdiction. Under that circumstance, the question of convenience of the defendants would be of no importance and we do not think it is an impediment to jurisdiction under the facts of the instant case. Under the circumstances we are of the opinion that the defendants could reasonably expect to be subject to the jurisdiction of the Tennessee Court in any matter arising out of the leasing of the airplane.

There is no surprise or disappointment of expectation which results from the use of long-arm jurisdiction. The charge of negligently failing to keep the airplane properly fueled cannot be said to be totally unrelated to the leasing of the airplane and entering into a contract for service to be rendered and materials to be furnished in this state.

In subjecting the defendants to jurisdiction of Tennessee courts they are not being compelled to defend themselves in a court of a state with which they have no relevant connection. The burden on these defendants to conduct this litigation in Tennessee appears no greater than if the action had been commenced in Missouri. The defendants have not suggested that the law of negligence in Missouri is dissimilar from that of Tennessee. There is no showing that it would be more convenient for witnesses, since the alleged act of negligence was failure to maintain adequate fuel.

We are of the opinion that the Circuit Court of Shelby County has jurisdiction of the defendants under the provisions of subsection (6) of our statute.

As previously stated, the plaintiff has insisted that jurisdiction can be predicated upon subsection (1) and (5). In view of our holding that jurisdiction exists under subsection (6), we find it unnecessary to discuss these two subsections except to point out a business tort may under some circumstances be predicated upon these two subsections. *See In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972); *Kroger Co. v. Dornbos,* 408 F.2d 813 (6th Cir. 1969).

The judgment of the Circuit Court in dismissing plaintiff's cause of action is reversed and the cause is remanded for appropriate proceedings not inconsistent with this opinion. The costs are taxed against the defendants, William Moore and Evelyn Janice Moore, for which let execution issue if necessary.

MATHERNE and TOMLIN, JJ., concur.