INTERNATIONAL SUPPLY CO., INC., )
and LAURIE MEADOR, )
)
Plaintiffs/Appellants, )
) Appeal No.
) 01-A-01-9705-CH-00235
VS. )
) Sumner Chancery
) No. 96C-289
THE WARNER GROUP LTD., )
)
Defendant/Appellee. )

FILED

**November 7, 1997**

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, JUDGE

WILLIAM H. LASSITER, JR.
CHRISTOPHER M. MINTON
213 Fifth Avenue North
Nashville, Tennessee 37219
        Attorneys for Plaintiffs/Appellants

GLENN B. ROSE
1800 First American Center
315 Deaderick Street
Nashville, Tennessee 37238
        Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
BUSSART, J.

# **O P I N I O N**

This appeal involves a question of personal jurisdiction over a non-resident corporation. The Chancery Court of Sumner County dismissed the complaint. We affirm.

## I.

The plaintiffs are International Supply Co., Inc. ("International"), a Tennessee corporation, and Laurie Meador, its secretary and vice-president. Ms. Meador resides in Sumner County. The defendant is The Warner Group Ltd. ("Warner"), an Ohio corporation with its principal place of business located in Twinsburg, Ohio. In 1996 International and Warner were engaged in litigation in the United States District Court for the Northern District of Ohio, where the jury returned a $91,300 verdict for Warner.

On October 15, 1996 counsel for Warner, located in Akron, wrote the following letter to International's counsel in Cleveland:

> I have been advised by my client as well as several of Warner's customers that Laurie Meador has contacted or spoke with them and has lied that ISC won the law suit specifically in an effort to damage Warner's relationships with its customers. This conduct coupled with Ms. Meador's conduct referenced in my letter to you of April 1, 1996 as well as your own remarks to Mr. Spurgen of Peer Bearing creates a pattern of defamation and harassment designed to injure Warner Group.
>
> Be advised that this conduct will not [sic] tolerated. Unless you give us written assurances by close of business Friday October 16, 1996 that your client will retract her statements in writing and will cease calling or discussing with Warner's customers this litigation, suit will be filed against your client and Ms. Meador personally by close of business Monday October 21, 1996 for slander and related claims.
>
> Your prompt response is required.

On October 18, 1996 International and Ms. Meador filed this action in the Chancery Court of Sumner County for a declaratory judgment that what Ms.

Meador said did not violate any law and that she was free to make any such statements in the future. Warner moved to dismiss under Tenn. R. Civ. P. 12.02(2) for lack of personal jurisdiction. The motion was accompanied by an affidavit of Warner's vice-president containing the following factual allegations:

4. Defendant Warner Group, Ltd. has no place of business or employees in Tennessee. Warner Group, Ltd. owns no real or tangible property located in Tennessee. Defendant Warner Group Ltd. has not placed any ads in Tennessee and directs no advertising specifically to Tennessee.

5. Warner Group, Ltd. has only two customers located in Tennessee, one of which is located in East Tennessee and one in Memphis. Warner Group, Ltd. has no contract for continuing purchases with any customer in Tennessee. Sales to these customers constitute a small percentage of the total annual sales of Warner Group, Ltd.

6. I have been informed by my Ohio attorney that International Supply Company has appealed the jury's verdict in the litigation with Warner Group pending in the United States District Court for the Northern District of Ohio.

There are no countervailing affidavits in the record.

## II.

In Tennessee the courts have been given the power to exercise in personam jurisdiction over non-residents to the extent allowed by the Constitution of this state or of the United States. Tenn. Code Ann. § 20-2-214(a)(6). In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court declared that in order for a state to exercise in personam jurisdiction over a non-resident due process requires that the non-resident have enough contact with the state so that maintaining the suit does not offend "traditional notions of fair play and substantial justice." 326 U.S. at 316. In Tennessee the courts have consistently applied this "minimum contacts" test. *Davis-Kidd Booksellers v. Day-Impex*, 832 S.W.2d 572 (Tenn. App. 1992).

The minimum contacts test requires that each case be examined to determine what contacts the non-resident had with this state. And, when jurisdiction is based on minimum contacts, the cause of action must arise out of the contact with this state relied on as the basis for jurisdiction. *J. I. Case Corp. v. Williams*, 832 S.W.2d 530 (Tenn. 1992). *See also* Tenn. Code Ann. § 20-2-223(b)(1997 Supp.). For example, a foreign corporation may buy or sell substantial quantities of goods in this state, giving the state jurisdiction over controversies related to the goods, but the state would not have jurisdiction over the corporation for personal injuries inflicted on a Tennessee resident in Ohio.[1] In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the United States Supreme Court said that personal jurisdiction can be established by showing that the defendant has, "purposely directed his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities." 471 U.S. at 472-73.

In this case the defendants had some isolated, purposeful contacts with Tennessee, but the cause of action alleged by the plaintiffs has nothing to do with those contacts. This controversy arose out of a letter written by the defendant's counsel in Ohio to International's counsel in Ohio. Although the letter threatened legal action against a Tennessee corporation and an individual resident of Tennessee the letter does not amount to that purposeful contact with Tennessee that is the basis of personal jurisdiction.

### III.

The appellants also allege that they were not allowed a chance to discover facts that might have led to general jurisdiction over the defendant. General jurisdiction (jurisdiction over a foreign corporation for causes of action which arise in

---

[1]Unless the contacts with this state were so substantial and continuous that the state had general jurisdiction over the defendant. *See* part III of this opinion.

another state) may be asserted where the foreign corporation's activities in this state are substantial and continuous. *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Walker v. Nationwide Ins. Co.*, 813 S.W.2d 135 (Tenn. App. 1990).

The plaintiff, however, did not allege any facts that would lead to general jurisdiction and did not controvert the defendant's affidavit averring that its contacts with Tennessee were isolated and sporadic.

We are convinced that the lower court was justified in holding that this state lacked personal jurisdiction over the defendant.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Sumner County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WALTER W. BUSSART, JUDGE