# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 24, 2013 Session

## WILLIAM H. RICHARDSON ET AL. v. BATES SHOW SALES STAFF, INC. D/B/A BATES RV EXCHANGE

**Appeal from the Circuit Court for Davidson County**
**No. 11C3650      Hamilton V. Gayden, Jr., Judge**

**No. M2012-01598-COA-R3-CV - Filed March 6, 2013**

Plaintiffs appeal the dismissal of their action for breach of contract, breach of express warranty, breach of implied warranty, violation of the Tennessee Consumer Protection Act, and fraudulent misrepresentation arising out of the purchase of a recreational vehicle from Defendant, a business located and incorporated in the State of Florida. The trial court dismissed the action on the finding that the court lacked personal jurisdiction over Defendant because the corporation had not purposely availed itself of doing business in Tennessee and did not have sufficient contacts with Tennessee. The trial court further found that the choice of venue clause in the purchase contract between the parties was enforceable and, thus, the proper venue for the action was Florida. Plaintiffs appealed arguing that the court may exercise personal jurisdiction over Defendant. We affirm the finding that the trial court lacks personal jurisdiction over Defendant as Plaintiffs did not establish the prima facie case of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Philip D. Irwin and Stephen M. Montgomery, Nashville, Tennessee, for the appellants, William H. Richardson and Donna L. Richardson.

William A. Blue, Jr., Nashville, Tennessee, for the appellee, Bates Show Sales Staff, Inc. d/b/a Bates RV Exchange

# OPINION

This action arises from the purchase of a recreational vehicle ("RV") by William and Donna Richardson, residents of Nashville, Tennessee, from Bates Show Sales Staff, Inc. d/b/a Bates RV Exchange, a Florida corporation located in Hillsborough County, Florida.

In June 2011, Mr. and Mrs. Richardson ("Plaintiffs") began searching for a 2011 Airstream Interstate Travel Coach, which they wished to purchase. Plaintiffs first visited the Airstream website, which listed, *inter alia*, Bates Show Sales Staff, Inc. d/b/a Bates RV Exchange ("Defendant") as a retailer of the particular RV model they wished to acquire. Plaintiffs then visited Defendant's website; thereafter, Plaintiffs placed a telephone call to Defendant's Hillsborough, County, Florida office and spoke with Michael Dautel, a salesperson employed by Defendant. Plaintiffs assert that Mr. Dautel represented that Defendant had a "new" model of the 2011 Airstream RV for sale. Following the phone call, and in response to Plaintiffs' inquiry, Mr. Dautel emailed to Plaintiffs a specifications list of the RV, a proposed purchase agreement, and a credit card authorization form for their review and execution should they wish to purchase the RV. Mrs. Richardson signed the purchase agreement on behalf of Plaintiffs and returned the executed contract and credit card authorization to Defendant at its Florida office. Pursuant to their authorization, Defendant charged $5,000 to Plaintiffs' credit card as the deposit. Plaintiff subsequently wired the balance of the purchase price, $103,638.34, to Defendant. Thereafter, an independent transporter drove the RV from Defendant's Florida office and delivered the RV to Plaintiffs' Nashville residence on June 11, 2011. Upon delivery, Plaintiffs signed a second copy of the purchase agreement.

Following the delivery of the RV, Plaintiffs noticed numerous problems with the RV, including items missing that had been listed on the specifications list and damage to the vehicle. Plaintiffs then contacted Defendant at which time they learned the RV was not "new," but had been used as a demonstration model.

On September 14, 2011, Plaintiffs commenced this action in the Circuit Court for Davidson County asserting claims for breach of contract, breach of express warranty, breach of implied warranty, violation of the Tennessee Consumer Protection Act, and fraudulent misrepresentation. Defendant filed an answer followed by a Motion to Dismiss, in which it moved for dismissal on the grounds that the trial court lacked personal jurisdiction or in the alternative that the court was the improper venue based upon a forum selection clause in the purchase contract designating Florida as the appropriate venue.

Following a hearing, the trial court issued an order dismissing Plaintiffs' claim for lack of personal jurisdiction upon the finding that Defendant had not purposely availed itself

of the privilege of doing business in Tennessee and that there were insufficient contacts between Defendant and the State of Tennessee. The court further found that the choice of venue clause in the contract was fully enforceable and therefore the appropriate venue for the cause of action was Hillsborough County, Florida.[1] Plaintiffs filed a motion to alter or amend, which Defendant did not oppose, in order to correct a finding by the court on an issue that was not raised by the parties. The trial court granted the motion to alter or amend and an Amended Order was entered on June 19, 2012. Plaintiffs filed a timely appeal.

## ANALYSIS

On appeal, Plaintiffs contend that the trial court erred in finding it lacked personal jurisdiction over Defendant. Plaintiffs further contend that the trial court erred in finding that the forum selection clause in the contract was enforceable. Lastly, Plaintiffs contend that their claim under the Tennessee Consumer Protection Act should be brought in Tennessee pursuant to Tennessee Code Annotated § 47-18-113(b).

We shall first address the issue of personal jurisdiction as it would be dispositive of any remaining issues. The burden is on the plaintiff to demonstrate that the trial court may properly exercise personal jurisdiction over the defendant. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 644 (citing *Chenault v. Walker,* 36 S.W.3d 45, 56 (Tenn. 2001)); *Davis Kidd Booksellers, Inc. v. Day–Impex, Ltd.,* 832 S.W.2d 572, 577 (Tenn. Ct. App.1992)). This burden, however, is ordinarily not a heavy one because the plaintiff need only demonstrate personal jurisdiction by a preponderance of the evidence. *Id*. If a defendant raises the defense of lack of personal jurisdiction by a motion to dismiss, the defendant, may, but is not required, to support the motion with affidavits or other evidentiary materials. *Id*. (citing *Humphreys v. Selvey* 154 S.W.3d 544, 550 n.5 (Tenn. Ct. App. 2004)). If the defendant supports its motion with affidavits, the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence. *Id*. (citing *Chenault*, 36 S.W.3d at 56; *Mfrs. Consolidation Servs., Inc. v. Rodell*, 42 S.W.3d 846, 854-55 (Tenn. Ct. App. 2000)).

A trial court's decision to grant or deny a motion to dismiss for lack of personal jurisdiction under Rule 12.02(2) of the Tennessee Rules of Civil Procedure presents a question of law. *Id*. Thus our review of the trial court's decision is de novo with no presumption of correctness, for the purpose of determining whether the plaintiff established a prima facie showing of personal jurisdiction over the defendant. *Id.* at 645.

---

[1]Plaintiffs testified that they never received the second page of the purchase agreement, which contained the forum selection clause, however, the agreement they signed referenced terms and conditions on the second page of the agreement.

I. PERSONAL JURISDICTION

The long-arm statutes enacted by the Tennessee General Assembly define the outer limits of the Tennessee courts' ability to exercise jurisdiction over nonresident defendants. *State ex rel. Cooper v. NV Sumatra Tobacco Trading Co.*, No. M2010-01955-COA-R3-CV, 2011 WL 2571851, at *10 (Tenn. Ct. App. June 28, 2011). These statutes are codified at Tennessee Code Annotated § 20-2-223(a), § 20-2-214(a)(6), and § 20-2-225. Pursuant to these statutes, the courts of this state may "exercise jurisdiction upon . . . any basis not inconsistent with the constitution of this state or of the United States." *Gordon*, 300 S.W.3d at 646 (quoting *Mfrs. Consolidation Serv.*, 42 S.W.3d at 855).

"The authority of courts to exercise personal jurisdiction over nonresident defendants is circumscribed by the Due Process Clause of the Fourteenth Amendment." *Id.* at 647. In the context of personal jurisdiction, "due process obligates the courts to ascertain whether it is 'fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action.'" *Id*. (quoting *Masada v. Inv. Corp. v. Allen*, 697 S.W.2d 332, 335 (Tenn. 1985)). In Tennessee, our courts have held that the due process requirements of the Tennessee Constitution are co-extensive with those of the United States Constitution. *Id*. (citing *Gallaher v. Elam*, 104 S.W.3d 455, 463 (Tenn. 2003); *Newton v. Cox*, 878 S.W.2d 105, 110 (Tenn. 1994)).

The United States Supreme Court has held that personal jurisdiction over a nonresident defendant can only be exercised if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 43 (1940)). This is a two-part test which requires evaluating whether the requisite minimum contacts are present and whether the exercise of jurisdiction is fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Davis-Kidd Booksellers, Inc.*, 832 S.W.2d at 575.

Federal and state courts recognize two types of personal jurisdiction, specific jurisdiction and general jurisdiction. *Gordon*, 300 S.W.3d at 647 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (distinguishing between specific and general jurisdiction)). Our Supreme Court explained this distinction in *Gordon v. Greenview Hospital*:

> Specific jurisdiction may be asserted when the plaintiff's cause of action arises from or is related to the nonresident defendant's activities in or contacts with the forum state. To invoke specific jurisdiction, a plaintiff must show (1) that the nonresident defendant has purposely established significant contact with

the forum state and (2) that the plaintiff's cause of action arises out of or is related to these activities or contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472, 105 S.Ct. 2174. The nonresident defendant's contacts with the forum state must be sufficient to enable a court to conclude that the defendant "should reasonably anticipate being hauled into court [in the forum state]." *Lindsey v. Trinity Commc'ns, Inc.,* 275 S.W.3d 411, 418 (Tenn. 2009) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. at 297, 100 S.Ct. 559). If the plaintiff can make that showing, the defendant will have the burden of showing that the exercise of specific jurisdiction would be unfair. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 477, 105 S.Ct. 2174; 16 *Moore's Federal Practice* §§ 108.42[1], at 108–54, 108.42[6], at 108–77.

In contrast to specific jurisdiction, general jurisdiction may be asserted when the plaintiff's cause of action does not arise out of and is not related to the nonresident defendant's activities in the forum state. The threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction. 4 Charles Alan Wright & Arthur R. Miller *Federal Practice and Procedure* § 1067.5, at 517. An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. at 416, 104 S.Ct. 1868; *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. at 448, 72 S.Ct. 413; *Lindsey v. Trinity Commc'ns, Inc.,* 275 S.W.3d at 417; *see also* 4 *Federal Practice and Procedure* § 1067.5, at 507.

The general jurisdiction inquiry is very different from the specific jurisdiction inquiry. The United States Court of Appeals for the Fifth Circuit has pointed out that "[u]nlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contact between the defendant and the forum." *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 339 (5th Cir.1999). In order to warrant the exercise of general jurisdiction over a nonresident defendant, "the defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general in personam jurisdiction." 4 *Federal Practice and Procedure* § 1067.5, at 507.

The proper analysis for determining whether a defendant's contacts are "continuous and systematic" enough to warrant an assertion of general jurisdiction requires ascertaining whether "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Lindsey v. Trinity Commc'ns, Inc.,* 275 S.W.3d at 417 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. at 318, 66 S.Ct. 154).

*Gordon***,** 300 S.W.3d at 647-48 (footnotes omitted).

In this action, Plaintiffs did not specify whether they were asserting that Defendant was subject to general jurisdiction or specific jurisdiction. As discussed above, general jurisdiction is a broader form of jurisdiction based on a defendant's substantial forum-related activity. *Id*. at 647. This activity must be "sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state." *Id*. at 648 (citing *Helicopteros*, 466 U.S. at 416). We find that Plaintiffs failed to establish the prima facie showing that Defendant was subject to general jurisdiction of the courts of this state. Defendant is an entity incorporated in Florida and does not maintain any officers or agents in Tennessee. Defendant does not advertise in Tennessee or directly market to Tennessee residents. The website of Defendant is a passive website, in that it allows persons the opportunity to initiate contact with the company, but it does not allow the direct purchase of items over the Internet. The only evidence in the record regarding any contact by Defendant with Tennessee was a statement contained in the affidavit of Frank Bates, the owner of Defendant, that 2.3% of Defendant's overall business was sales to customers who listed their address of residence as Tennessee. In that same affidavit, Mr. Bates stated that the sale to Plaintiffs was the only sale in which the vehicle was purchased over the internet and subsequently delivered to Tennessee. Based upon the foregoing evidence, it is evident that Plaintiffs failed to prove any substantial forum-related activity necessary to establish general jurisdiction over Defendant. Therefore, we turn our attention to the issue of specific jurisdiction.

Specific jurisdiction requires a showing by the plaintiff that the nonresident defendant has purposely established significant contacts with the forum state and that the plaintiff's cause of action arises out of or is related to these activities or contacts. *Gordon*, 300 S.W.3d at 647 (citing *Burger King*, 471 U.S. at 472). Stated another way, to establish specific jurisdiction, the defendant's contacts with Tennessee must have been sufficient to enable our courts to conclude that the nonresident defendant "should reasonably anticipate being hauled into court [in the forum state-here, Tennessee]." *State ex rel Cooper*, 2011 WL 2571851, at

*12 (quoting *Lindsey*, 275 S.W.3d at 418). The factors for determining the existence or absence of minimum contacts was set forth by our Supreme Court in *Masada Inv. Corp. v. Allen*:

> [T]hree primary factors are to be considered in determining whether the requisite minimum contacts were present: the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts. Two lesser factors are to be considered are the interest of the forum State and convenience.

*Masada*, 697 S.W.2d at 334 (citing *Shelby Mut. Ins. Co. v. Moore*, 645 S.W.2d 242, 246 (Tenn. Ct. App. 1981)). Under this "minimum contacts" test, the cause of action need not arise in this State. *Id*. at 332. Further, all five factors need not be present in order for our courts to exercise personal jurisdiction. *State ex rel Cooper*, 2011 WL 2571851, at *12 (citing *Walker v. Nationwide Ins. Co.*, 813 S.W.2d 135, 138 (Tenn. Ct. App. 1990)). In determining the reasonableness of exercising jurisdiction, the court "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Id*. (citing *Asahi*, 480 U.S. at 113).

The first step is to determine whether the defendant had sufficient minimum contacts with the forum state. *Id*. "The second step is to evaluate those contacts 'in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id*. (quoting *Burger King*, 471 U.S. at 475 (quoting *International Shoe*, 326 U.S. at 320))).

The United States Supreme Court recently held that a defendant is not subject to personal jurisdiction merely by placing a product into the stream of commerce; personal jurisdiction is only permitted when a defendant "targeted the forum" and "it is not enough that the defendant might have predicted that its good will reach the forum State." *Conner v. Disney Destinations, LLC*, No. 3:12-CV-54, 2012 WL 1205637, at *4 (E.D. Tenn. Apr. 11, 2012) (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, – U.S. – , 131 S.Ct. 2780, 2788-89, 180 L.Ed.2d 765 (June 27, 2011)). Thus, "for specific personal jurisdiction to be established it must be shown that a defendant purposefully directed it[s] activities toward the citizens of the forum state and that such activities resulted in injuries arising out of or related to those activities." *Id*. (citing *Lindsey*, 275 S.W.3d at 417-18 (citing *Burger King*, 471 U.S. at 472-73)).

In this action the trial court found that Defendant had not purposefully availed itself of doing business in Tennessee and that there were insufficient contacts between Defendant and Tennessee to justify exerting specific jurisdiction over Defendant in this action. We

agree, noting that Defendant directed no action towards Tennessee, Defendant did not advertise in Tennessee, and Defendant did not directly market to Tennessee residents. To the contrary, it was Plaintiffs who initiated contact with Defendant following a visit to the Airstream website and the initial contact was via Defendant's *passive* website. A passive website is one that only offers information for the user to access, while an active website is one that transacts business. *Invisible Fence, Inc. v. Fido's Fences, Inc.*, 687 F. Supp. 2d 726, 736 (E.D. Tenn. 2009).

Federal courts in the Sixth Circuit have held that "the maintenance of [a] website, in and of itself, does not constitute . . . purposeful availment." *Id*. (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 890 (6th Cir. 2002)). These same courts, however, have held that "[t]he operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state ... 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" *Id*. (quoting *Bird v. Parsons,* 289 F.3d 865, 874 (6th Cir. 2002) (quoting *Neogen Corp.,* 282 F.3d at 890)). As described in Frank Bates's affidavit, Defendant's website only allows an internet user to initiate contact with Defendant; the website does not allow for the direct purchase over the Internet. Thus, Defendant's operation of a passive website did not constitute "purposeful availment" of the privilege of acting in Tennessee and it did not constitute targeting or purposefully directing its activities toward the citizens of Tennessee.

While our courts have held that a single contract for the sale of goods, personally delivered in Tennessee, could support a finding of minimum contacts sufficient to exercise personal jurisdiction, a plaintiff is still required to produce evidence to satisfy a prima facie case under *Masada*. *See Noles v. Michigan Powersports, Inc.*, No. M2005-00420-COA-R9-CV, 2005 WL 2989614 (Nov. 7, 2005) (citing *Humphreys*, 154 S.W.3d at 552). The primary factors for consideration under *Masada* are the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts. *State ex rel Cooper*, 2011 WL 2571851, at *23 (citing *Masada*, 697 S.W.2d at 334). In this action, there was limited interaction between the parties leading up to the purchase of the RV. Plaintiffs contacted Defendant on June 4, 2011, and spoke to a salesperson expressing interest in the particular model that they had viewed on the website. Following this inquiry, the purchase contract and credit card authorization form were sent via email to Plaintiffs. Plaintiffs sent the credit card authorization form back to Defendant in Florida with the appropriate information, the credit card was charged for the purchase in Florida, and Plaintiffs wired the remaining balance of the purchase price to Defendant in Florida. Plaintiffs hired an independent contractor ("the transporter") to transport the RV to Plaintiffs' residence in Tennessee and they received delivery of the vehicle on June 11, 2011.

We acknowledge Plaintiffs' assertion that the transporter was arranged by Defendant; however, in his affidavit, the transporter, Henry Dupuis, states that he is not an employee of Defendant, that he is an independent contractor, that his customers were Plaintiffs, and that Plaintiffs paid him for transporting the RV from Florida to their home in Tennessee. Therefore, the first two *Masada* factors weigh heavily in favor of Defendant. The third and fourth factors under *Masada* weigh in favor of Plaintiffs because the contacts between Defendant and Plaintiffs leading up to the sale of the RV are directly related to the cause of action and Tennessee has an interest in the dispute as Plaintiffs are Tennessee residents. *See Noles*, 2005 WL 2989614, at *4 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 385 (6th Cir. 1968)) (stating "when the contract is with a resident of Tennessee, the State's interest in resolving a suit based on the contract and brought by that resident cannot be doubted"). The fifth *Masada* factor, the convenience of the forum, weighs in favor of Defendant because Defendant is a Florida company and it did not maintain a registered agent or office in Tennessee. Further, the purchase agreement contains a forum selection clause that designates Florida as the venue.

Having considered the entire record, including specifically the factors set forth in *Masada*, we have determined, as the trial court did, that Plaintiffs failed to establish a prima facie case to afford Tennessee personal jurisdiction over Defendant. We, therefore, we affirm the grant of Defendant's motion to dismiss for lack of personal jurisdiction. As we have concluded that the trial court lacked personal jurisdiction over Defendant, the remaining issues on appeal are moot.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellants, William and Donna Richardson.

_____
FRANK G. CLEMENT, JR., JUDGE